**Andrew HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52356.

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Richard Thornton, Galveston, for appellant.

Ronald L. Wilson, Dist. Atty., and David P. Walker, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

In a jury trial appellant was convicted of possession of cocaine, a controlled substance. Punishment, enhanced by reason of a prior conviction, was set at thirty years' confinement.

Appellant and a passenger were in appellant's automobile in Galveston when they were stopped by officers of the Regional Crime Squad. A search of the car for narcotics was made but it produced nothing. The officers saw appellant make a moving motion toward his mouth, whereupon they forcibly removed from his mouth a particle of tin foil which contained a substance later identified as cocaine. The officers had neither a search warrant nor an arrest warrant.

Appellant has assigned 19 grounds of error. Grounds 1, 2, 3 and 8 are directed toward the legality of the search. It is claimed that probable cause for the search did not exist or, if it did exist, the officers had ample time and opportunity to procure a search or arrest warrant but failed to do so. These grounds will be overruled.

The State's evidence showed that John Leonard, a narcotics officer, received about 3:30 or 4:00 o'clock p. m. on Saturday, February 15, 1975, a telephone call from an informant advising that appellant was enroute from Houston to Galveston with a quantity of cocaine. The license number and a complete description of the car were given. Officer Leonard alerted other officers and they set out to look for appellant. About an hour after receiving the tip, they saw a car which fit the description given. The car was stopped and the search ensued. The officers observed no contraband in plain view or any traffic or other law violations prior to stopping appellant's car, but stopped it solely upon the information supplied by the informant. The trial court made written findings of fact to the effect that the search was based upon probable cause and was lawful.

For information supplied by an informer to constitute probable cause for a warrant or for a search without warrant, it must be established that the informant was reliable, and that there were sufficient underlying circumstances surrounding the information to indicate that it was credible and did not constitute a mere conclusion of the informer. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Appellant first contends that probable cause was not demonstrated here because there was no proof of the informant's reliability. It is true that the State did not produce evidence of reliability at the initial hearing on appellant's motion to suppress, but reliability was established during the trial prior to the introduction of the contraband into evidence. Appellant was therefore not prejudiced. Bosley v. State, 414 S.W.2d 468 (Tex.Cr.App.1967). Officer Leonard testified that the informant was one with whom he had dealt for approximately one year and from whom he had received on numerous occasions information which had proven to be accurate. In addition, the information here met the second test of "underlying circumstances" as required by Aguilar. It was not a mere conclusion, but included such details and circumstances that an officer or magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way. See Spinelli v. U. S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. Moreover, when the officers saw appellant's car at approximately the time and place the informant reported it would be, the information was further verified. Under such circumstances probable cause is adequately demonstrated. Draper v. U. S., 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App. 1970); United States v. Acosta, 411 F.2d 627 (U.S.Ct.App., 5th Cir., 1969). As to the claim that the officers had ample opportunity, and thus the obligation, to obtain a

warrant, we cannot agree. When the telephone tip was received, the officers were told that appellant was at that time "enroute" to Galveston from Houston. As it is only a 50 mile drive from Houston to Galveston, the officers were justified in believing there was not sufficient time to procure a warrant. Further see *U. S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).

In ground number 4 appellant complains because the trial court allowed Officer Leonard to testify that the informant told him appellant "was enroute to Galveston with a large quantity of cocaine". Ordinarily, if the question of probable cause is not before the jury, the hearsay statements of an informant should not be admitted. *Mejia v. State*, 505 S.W.2d 532 (Tex. Cr.App.1974); *Cabrera v. State*, 395 S.W.2d 34 (Tex.Cr.App.1965). But in this case, appellant's counsel brought the issue of probable cause before the jury by his repeated questioning of the officers concerning their lack of a warrant or any sufficient reason to stop appellant's automobile. Having made probable cause for stopping appellant an issue before the jury, appellant opened the matter for proof of the information upon which the officers relied, even though no issue on probable cause was submitted to the jury. *Lacy v. State*, 424 S.W.2d 929 (Tex.Cr.App.1967). See also *Carter v. State*, 172 Tex.Cr.R. 95, 353 S.W.2d 458 (1962).

Grounds 5 and 7 argue it was error to admit into evidence State's Exhibits 4, 5, 5A and 5B for the reason that they were not properly identified and the proper chain of custody was not established. Officer Leonard testified that after recovering the substance from appellant's mouth a field test was run on a portion of it, and the remainder was timed, dated and initialed by him and kept in a locked box under his control until he mailed it to the Department of Public Safety Laboratory. He identified Exhibits 5 and 5A as the two small packets of contraband, Exhibit 3 as a container in which he put Exhibits 5 and 5A, and Exhibit 2 as a box in which Exhibit 3 and its contents were mailed to the Laboratory. He could not identify Exhibit 4 or Exhibit 5B. Mike Johnston, the State's Chemist, likewise identified and testified that he received Exhibits 2, 3, 5 and 5A. He further identified Exhibit 4 as the container which contained Exhibits 5 and 5A, the packets of cocaine, and was within Exhibit 3. He identified Exhibit 5B as a piece of glassine paper which he used in his analysis. He testified that he received the material, made his analysis and retained possession of all of the material until the trial. The trial court admitted all exhibits except number 4 into evidence.

Appellant first argues that because Officer Leonard did not recognize Exhibit 4, which the chemist said was within Exhibit 3 and contained Exhibits 5 and 5A, there was insufficient proof of identification and chain of custody. We do not agree. Both Officer Leonard and Chemist Johnston positively identified Exhibit 2 (the box in which the other exhibits were mailed), Exhibit 3 (a metal container), and Exhibits 5 and 5A (the cocaine) as being the items they mailed and received respectively. The items were in their exclusive custody except while being mailed. There was no evidence of loss of possession or of tampering. The fact that Officer Leonard could not remember Exhibit 4, a metal container, would go to the weight rather than to the admissibility of the evidence. See *Boss v. State*, 489 S.W.2d 582 (Tex.Cr.App.1973); *Salinas v. State*, 507 S.W.2d 730 (Tex.Cr.App.1974); *DeLeon v. State*, 505 S.W.2d 288 (Tex.Cr. App.1974); *Kilburn v. State*, 490 S.W.2d 551 (Tex.Cr.App.1973). As to Exhibit 5B, it was identified by the chemist and explained as glassine paper which he placed with the exhibits *after* making his analysis. No error is shown. *Montgomery v. State*, 506 S.W.2d 623 (Tex.Cr.App.1974).

In ground number 6 appellant complains of the testimony of Officer Leonard that he conducted a field test on the substance taken from appellant, and that the result, according to the test directions and color chart, showed positive for cocaine. If this testimony was error it was rendered

harmless when a qualified and expert chemist later testified that the substance was cocaine. See *White v. State*, 486 S.W.2d 377 (Tex.Cr.App.1972); *Boatright v. State*, 472 S.W.2d 765 (Tex.Cr.App.1971).

Appellant complains in grounds 9, 10, 15 and 16 of certain jury arguments made by the prosecutor. The first is the prosecutor's statement that:

> ". . . you twelve people . . . are the ultimate people to determine what will and will not be tolerated in our community."

Such a statement was a proper plea for law enforcement and was not objectionable. The second statement was:

> "I would venture a guess that there is not one of you that has not listened to the radio or read the newspapers about the increasing crime rate in our county."

We do not consider that statement to be of such a prejudicial nature as to constitute reversible error. See *Knox v. State*, 487 S.W.2d 322 (Tex.Cr.App.1972). At the punishment stage of the trial the prosecutor said:

> "You can consider . . . the information they had when they went out there that this defendant . . . would be coming in a gold Cadillac . . with a large quantity of *heroin*." (Emphasis supplied)

Appellant objected only to the misstatement in characterizing the substance as heroin. When the objection was made the prosecutor corrected "heroin" to "cocaine", and the court instructed the jury to disregard any reference to heroin. Under the circumstances, no error is shown. Also at the punishment stage, the prosecutor argued:

> "There's only one way you can get this message out, ladies and gentlemen, you're going to have to give this man, a man who is not new to our system, you're going to have to send a message with him when you send him to the penitentiary, you're going to say: We don't want these people here and when they do come here, we are not going to baby them."

This was a proper plea for adequate punishment and did not constitute error.

In grounds of error 11 and 14, appellant contends his prior conviction, which was dated in 1955, was too remote for enhancement purposes under the provisions of V.T.C.A., Penal Code, Sec. 12.42(d). There is no merit to this contention. Unlike the rule that a prior conviction too remote in time cannot be used for impeachment purposes, such a prior conviction may be utilized for enhancement purposes. *Simmons v. State*, 493 S.W.2d 937 (Tex.Cr.App. 1973); *Morrison v. State*, 169 Tex.Cr.R. 556, 336 S.W.2d 173 (1960).

Grounds 12 and 13 assert that it was error to allow State's witnesses at the punishment stage of the trial to testify that appellant's reputation was bad, when his reputation had not previously been put in issue. This contention is overruled. Tex. Code Crim.Proc.Ann. art. 37.07, Sec. 3(a) (Supp.1976) expressly allows either side to present reputation evidence at the punishment stage of the trial. *Smith v. State*, 414 S.W.2d 659 (Tex.Cr.App.1967).

Appellant's ground of error 17 is not briefed and is therefore waived.

Ground of error 18 argues that the trial court erred in allowing the State to propound "have you heard" questions to appellant's reputation witnesses at the punishment stage of the trial. The basis of the argument is that (1) appellant's witnesses did not actually testify to his reputation and therefore should not have been subjected to the "have you heard" questions, and (2) the questions were so phrased as to imply the appellant's guilt or the truth of the events inquired about, as prohibited by the rule expressed in *Webber v. State*, 472 S.W.2d 136 (Tex.Cr.App.1971). Concerning the first contention, appellant's witnesses did not use the specific word "good" to describe appellant's general reputation, but the questions asked, as well as the import of the witnesses' entire testimony, were geared to show appellant's reputation. The witnesses were therefore effectively rendered character witnesses, and the "have you heard" questions became authorized.

*Mitchell v. State,* 517 S.W.2d 282 (Tex.Cr. App.1975). As to the questions themselves, we have carefully examined them and find that they did not imply or assert the truth that appellant had been guilty of particular offenses of misconduct as condemned by *Webber v. State,* supra.

Appellant's last ground of error asserts that a mistrial should have been granted because of the trial court's action in allegedly coercing the jury to a verdict at the punishment stage of the trial. The argument is based upon the following events: After one hour of deliberation the jury inquired of the court what its plans were as to the time the jury would be required to stay in session that day. The court then excused the jury for the night with instructions for them to return at 9:00 o'clock the following morning. During deliberations that morning, the jury requested the court's guidance in arriving at an "agreed to" punishment. The court replied that he could not answer the question. The third communication came at 11:15 a. m. that morning and asked the court about the consequences of the trial and whether it was required that the jury determine the punishment, whereupon the court advised that the punishment was a matter for determination by the jury. At 11:45 a. m. the jury was sent to lunch and at 1:20 p. m. it arrived at its verdict.

We are unable to perceive any coercion in these actions. Considering the length of the trial and the serious nature of the offense, the trial court did not abuse its discretion in requiring the jury to deliberate a total of three and one-half hours before arriving at the punishment.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.