TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00551-CR







Darren Wayne Miller, Appellant




v.




The State of Texas, Appellee









FROM THE DISTRICT COURT OF DALLAS COUNTY, 363RD JUDICIAL DISTRICT


NO. F93-43357-RSW, HONORABLE FAITH JOHNSON, JUDGE PRESIDING








 Appellant Darren Wayne Miller appeals from his conviction for the offense of
aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). A jury found appellant guilty
and assessed his punishment at imprisonment for seventeen years. In six points of error, appellant
complains that the evidence is insufficient to support the jury's verdict, the prosecutor's argument
was improper, and he failed to receive effective assistance of counsel. We will affirm the
judgment.

 About 2:00 p.m. on June 18, 1993, Juman Awkash was working at 300 South
Lamar in downtown Dallas at the All Right Parking lot as a parking attendant. He was robbed
at gunpoint by two robbers. Approximately $300.00 in cash was taken. Awkash identified
appellant as the robber who pointed the gun at him during the robbery. In his first point of error,
appellant argues this evidence is insufficient to support the jury's verdict because the evidence
identifying him as one of the robbers is not sufficient.

 In reviewing the legal sufficiency of the evidence, the relevant question is whether,
after reviewing the evidence in the light must favorable to the State, any rational trier of fact could
have found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App.
1991); Blankenship v. State, 780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988); Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 Awkash was positive and unshaken in his identification of appellant as the robber
who pointed the gun at him during the robbery. Soon after the robbery, investigating officers on
the scene were told by a witness, other than Awkash, that two men fled from the scene in a white
Nissan Sentra automobile bearing license plate JLN 43N. Further investigation revealed that that
car belonged to Anyela Lee with whom appellant was living, and that appellant had recently
received traffic tickets while driving the car. Prior to trial, appellant's photograph and five others
were exhibited to Awkash. He identified appellant's picture as the picture of the man who robbed
him. Evidence in a pretrial identification hearing and on trial showed that Awkash's identification
of appellant at trial was based on seeing appellant at the time of the robbery. It was not shown
that the photographic line-up was in any respect improper or that it influenced Awkash's
identification of appellant at the trial. Appellant's first point of error is overruled.

 In points of error two and three, appellant contends that, because his trial counsel
failed to object to repeated objectionable jury argument, he was denied his federal and state right
to effective assistance of counsel. U.S. Const. amends. VI, XIV; Tex. Const. art. 1, § 10. The
Court of Criminal Appeals has held that proper jury argument falls into four categories: (1)
summary of the evidence, (2) reasonable deduction from the evidence, (3) response to argument
of opposing counsel, and (4) plea for law enforcement. Borgan v. State, 787 S.W.2d 53, 55 (Tex.
Crim. App. 1990). It is improper for a prosecutor in argument to try to induce the jury to convict
the defendant because the community desires the conviction. Pennington v. State, 345 S.W.2d
527, 528 (Tex. Crim. App. 1961). The Court of Criminal Appeals has disapproved of arguments
in which the jury was asked to convict or punish a defendant because of public sentiment or desire
rather than upon the evidence received. Cortez v. State, 683 S.W.2d 419, 421 (Tex. Crim. App.
1984).

 In Cain v. State, 549 S.W.2d 707 (Tex. Crim. App. 1977), the court wrote:



The prosecutor, opposing probation, made the following argument of which
appellant complains:


But something else, too; there are some things in this world that are
totally inexcusable, totally without excuse, and what Darrell Cain
did to Santos Rodriguez is without justification and it's totally
without excuse.


"Now, what would you have us do, really? I mean, what are we to
do, are we to look at the defendant over here and focus on him and
his look of designed innocence and blind ourselves to the corpse of
the boy he killed? If so, who is to answer for the death of Santos
Rodriguez? Who? Are we to hear his cries and close our ears to
the sobbing, mourning tears of those people that mourn Santos
Rodriguez? If so, who is to answer for the death of Santos
Rodriguez? Are we to do what Phil Burleson says, are we to wring
our hands and shrug our shoulders and nod our heads, say oh, it's
a pity, but let's give him probation. If so, then who is to answer
for the death of Santos Rodriguez? You? Me? The community at
large? I refuse--


"MR. BURLESON: We object to that, calling the community
pressures upon this jury; we object and ask to instruct them not to
consider it.


"MR. SPARLING: Your Honor, I have a right to argue law
enforcement.


"THE COURT: Overrule the objection."


An examination of the argument in the context in which it was made shows there
was no appeal to community conscience, demand, desire or expectation unlike the
cases cited by appellant. The prosecutor simply argued that the appellant bore the
sole responsibility for the death of the deceased. The argument was for law
enforcement and was proper. "Counsel for the State has the right, if not the duty,
to make a proper argument for law enforcement."



Id. at 717. Jury argument that "you twelve people are the ultimate people to determine what will
and what will not be tolerated in our community" was held unobjectionable and a proper plea for
law enforcement. Hicks v. State, 545 S.W.2d 805, 810 (Tex. Crim. App. 1977). Also at the
punishment stage, the prosecutor in Hicks argued:



There's only one way you can get this message out, ladies and gentlemen, you're
going to have to give this man, a man who is not new to our system, you're going
to have to send a message with him when you send him to the penitentiary, you're
going to say: We don't want these people here and when they do come here, we
are not going to baby them.



This was a proper plea for adequate punishment and did not constitute error. Id. Argument that
the members of the jury were the voice and conscience of the community and became a part of
law enforcement was held proper. Brown v. State, 508 S.W.2d 91, 96 (Tex. Crim. App. 1974).

 We quote from the part of the prosecutor's argument at the punishment phase of
the trial that appellant declares is improper and objectionable:



The community of Dallas County calls out to you twelve people right now and
says, stop the violence. It's up to you.


Now it comes time to say what your verdict means. Does it mean probation? 
Does it mean that he gets to walk out of here with you. Is he going to be on the
street tomorrow with you and the other members of the community? Is that what
this--is that what aggravated robbery is worth in Dallas County?


Now you have to go home and talk to your family members, your friends, the
other people you know in the community, the people you work with. Is aggravated
robbery, sticking a gun in someone's face in broad daylight, in downtown Dallas,
and saying "Give me your money, motherfucker," does that mean probation in
Dallas County?


This is not something that should be taken lightly by you or anyone in our
community. And the community demands for people like you, and us, and this
system, to stop the violence, and the only way we're going to be able to do that is
withheld from the juries.


And you're going to reward that with probation? I hope not. I really hope not. 
And the rest of the community hopes not.


His rights have been fully protected. Now I'm asking you to protect the victim's
rights, and the community's rights with a penitentiary sentence, not probation.


. . . Your verdict will get out. People will hear about it. They will hear whether
or not aggravated robbery in Dallas is worth committing . . . .


I'm asking you to say they're not on behalf of the community, because it's not
worth it. We need to stop the violence, and we need to stop it now, and I'm
asking you to help us do that.



 In this case the complained of argument was at the punishment phase of the trial, 
after the jury had already found appellant guilty of aggravated robbery. The prosecutor was not
arguing that appellant should be severely punished and not granted probation because of the
community's wishes or demands. The prosecutor was arguing that aggravated robbery, robbery
at gunpoint, was a violent crime which the community would not and should not tolerate. He was
arguing that the offense for which the jury had found appellant guilty and the circumstances in
which it was committed demanded imprisonment for a substantial time rather than probation. It
was not a plea for punishment based on the community's expectation and demand; it was a plea
for law enforcement based on the evidence received by the jury that appellant had committed a
violent offense in circumstances that required serious punishment, not probation. Because the
argument complained of was a proper plea for law enforcement and unobjectionable, if trial
counsel had objected such objection should have been overruled. Therefore, appellant's claim of
ineffective assistance of counsel, based on counsel's failure to object, is without merit. Some may by hindsight construe the prosecutor's argument as improper and now
question trial counsel's failure to object. Even so, when counsel's performance is judged by the
totality of the representation provided, it cannot be successfully argued that counsel's performance
prejudiced appellant's defense to the degree that he was deprived of a fair trial. The standard for
effective representation of counsel required by Strickland v. Washington, 466 U.S. 668 (1984),
and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986) was met. The failure to object
to improper jury argument does not ordinarily reflect ineffective assistance of counsel. Porter v.
State, 832 S.W.2d 383, 385 (Tex. App.--Houston [1st Dist.] 1992, no pet.); Wilson v. State, 646
S.W.2d 472, 474 (Tex. App.--Houston [1st Dist.] 1982, no pet.). Points of error two and three
are overruled.

 In points of error four and five, appellant argues that he did not receive his
constitutional right to the effective assistance of counsel. See U.S. Const. amend. VI, XIV; Tex.
Const. art. 1, § 10. Appellant faults his trial counsel for failing to object to argument about
matters that appellant contends were outside the record. At the punishment phase of the trial, the
prosecutor argued without objection that "[t]his guy plays Nintendo all day and hangs around the
house. He--it's a reasonable deduction from the evidence, how does he get his money? He robs
people for it." Appellant claims this argument was objectionable because it suggests that appellant
committed other robberies from which he gained an income. In context, the prosecutor was
comparing the victim and appellant. The victim of the offense worked ten and twelve-hour shifts
for five, six, and sometimes seven days a week on a hot parking lot. The appellant had offered
an alibi defense that at the time of the robbery he had been at his sister's house playing Nintendo
with his niece. The jury had already found appellant guilty of robbery in which three hundred
dollars had been taken. We conclude that the prosecutor's argument was legitimately based on
a reasonable deduction from the evidence, and in light of the whole record did not inject new and
harmful evidence. Trial counsel cannot be faulted for failing to voice an objection to the
prosecutor's argument. Counsel's failure to object did not deprive appellant of the effective
assistance of counsel. Points of error four and five are overruled.

 In his sixth point of error, appellant complains of the same argument he complained
of in points four and five. He urges, in this point, that the argument was so egregious that even
an admonitory jury instruction would not have cured the error. Therefore he says an objection
to the argument and a request for an admonitory instruction were not necessary to preserve the
error for review. We have concluded that the argument was a legitimate deduction based on the
evidence. In view of the whole record, we do not believe that the prosecutor's argument should
be construed as an argument that appellant had committed extraneous offenses for which the jury
should punish him. Appellant's sixth point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 16, 1995

Do Not Publish






 * Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).