NO. 07-00-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 10, 2001
_____

JERRY WAYNE LOUIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY;

NO. 826,655; HON. BELINDA HILL, PRESIDING
_____

Before BOYD, C.J., and QUINN, and JOHNSON, JJ.

Jerry Wayne Louis (appellant) appeals his conviction for bail jumping. Through eleven points of error, he claims that 1) the evidence is legally and factually insufficient to support the jury's verdict, 2) his counsel was ineffective, 3) the trial court erred in admitting evidence of an extraneous offense, 4) the trial court erred in denying him a mistrial due to the State's supposed improper jury argument, and 5) the trial court abused its discretion by denying appellant's motion to suppress. We affirm.

### *Points One and Two – Sufficiency of the Evidence*

Appellant initially contends that the evidence is legally and factually insufficient to support the jury's verdict. His argument is premised upon the belief that re-indicting someone for the same offense contained in a prior (untried) indictment invalidates or some how supersedes the prior indictment. We disagree and overrule the points.

According to the record, the State initially indicted appellant for theft. That indictment was assigned Cause No. 802607. Upon his arrest for that crime he secured his release through posting a bond. According to the face of the instrument, the sureties obligated themselves to pay $80,000 if appellant failed to appear at the trial of Cause No. 802607. Prior to the trial of that cause, however, the State returned to the grand jury and induced it to issue another indictment against appellant. Though the substantive offense for which he was to be tried was the same as that encompassed in the first indictment, the second included various enhancement paragraphs omitted from the first. Furthermore, the proceeding represented by the second indictment was assigned Cause No. 811447.[1] Yet, when it came time to try the accusations against appellant, the court set Cause No. 802607 for trial. Needless to say, appellant did not appear at the designated date and time. Consequently, the trial court forfeited the bond obtained in cause No. 802607, and the State indicted, tried and convicted appellant for failing to appear at the trial of that same cause.

Before us, appellant does not contend that he was unaware of the setting or that he had justifiable reason to absent himself from the trial of Cause No. 802607. Instead, he argues that he could not be convicted because the second indictment somehow

---

[1]The record does not reflect that the State dismissed the first indictment after obtaining the second.

superceded or nullified the first. And, since the bond issued in reference to the first cause was never amended to encompass Cause No. 811447, he could not be convicted of bail jumping *viz* Cause No. 802607, the argument continues. So, as can be seen, the entirety of appellant's position is based upon the belief that re-indicting an accused for the same offense encompassed in a prior indictment automatically vitiates the prior indictment. Therein lies the problem with appellant's contention for the premise upon which he relies is wrong.

That an accused has been indicted does not prevent the State from re-indicting him for the same offense or for an offense arising from the same act. *Wallace v. State*, 145 Tex. Cr. R. 625,170 S.W.2d 762, 764 (Tex. Crim. App. 1943); *Bonner v. State*, 29 Tex. App. 230,15 S.W. 821, 821 (Tex. App. 1890). And, when such a circumstance occurs, it is clear that the second indictment merely institutes another, new criminal action against the accused. *Trevino v. State*, 900 S.W.2d 815, 817 (Tex. App.–Corpus Christi 1995, no pet.). It does not *ipso facto* vitiate the first. That this is true is illustrated by the court's words in *Bonner*. There, in recognizing the authority of the State to re-indict an accused, the court noted that the State was put to the choice of having to select which action to prosecute. *Bonner v. State*, 15 S.W. at 821 (stating that though a prior indictment does not bar a subsequent one for the same offense, the accused can only be tried upon one). If the second indictment automatically negated the first, then there would be no need to choose. Yet, because the *Bonner* court said that the State had to choose which to pursue, we must necessarily deduce that the first charging instrument was not nullified simply through the execution of a second one. *See United States v. Stricklin*, 591 F.2d 1112, 1115 n.1 (5th

3

Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979) (recognizing that two indictments involving the same crime may be outstanding at the same time). In applying this reasoning to the case at bar, we hold that the first indictment issued against appellant remained viable despite the issuance of the second. And, because it remained viable, the foundation underlying appellant's contentions is inaccurate. So, we reject the contentions and hold that the State was entitled to prosecute and convict appellant when he failed to appear on May 14, 1999 for the trial of Cause No. 802607.

### *Points Three and Four – Ineffective Assistance of Counsel*

Next, appellant alleges that his trial counsel rendered ineffective assistance because he did not strike Freda McNamara from the jury venire. McNamara was allegedly susceptible to exclusion once she professed a bias toward police officers. That is, she informed the court during voir dire that she would assign greater credibility to a police officer since she had been married to one for a number of years and had known many others. In view of this comment, appellant's counsel should have struck McNamara from the venire or otherwise challenged her for cause, so says appellant. And, because he did not, counsel was allegedly ineffective, which ineffectiveness entitled appellant to a new trial. We disagree and overrule the points for several reasons.

Assuming *arguendo* that the failure to strike a potentially bias venire member fell below the standard of prevailing professional norms, appellant does not gauge the effect of this mistake against the totality of the representation provided him.[2] *See McFarland v.*

---

[2]We say "potentially bias" because this same venire member acknowledged that there exist both good *and bad* policemen. This implicitly suggests that she knows that some officers cannot be trusted or believed.

4

*State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997) (holding that the appellant must prove that counsel's errors "judged by the totality of the representation, not by isolated instances of error . . . denied him a fair trial"). Nor does he attempt to illustrate why the outcome of the trial would have differed but for the purported mistake. *See Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000), *cert. denied,* _U.S._, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001) (holding that an appellant must prove there exists a reasonable probability that the outcome would have been different but for counsel's unprofessional errors). Indeed, he ignores the evidence illustrating that his trial attorney filed pre-trial motions, conducted an active voir dire, vigorously cross-examined opposing witnesses, voiced objections to evidence and argument, proffered witnesses on behalf of appellant, and argued on behalf of his client during both the guilt / innocence and punishment phases of the trial. So too does he ignore 1) the large quantum of evidence evincing his guilt for the crime charged in the indictment and 2) his own admission that he had committed and been convicted of the felonies alleged in the indictment for purposes of enhancement.[3] Given the limited focus of appellant's complaint, the totality of the representation provided appellant at trial, and the quantum of the evidence illustrating his guilt and supporting the sentence levied, we cannot say that but for the supposed mistake there existed a reasonable probability that the outcome would have differed.

---

[3]Appellant admitted that he knew of the May 14, 1999 trial date and opted not to appear. So too did he plead true to being previously convicted of escape and burglarizing a motor vehicle, both of which were felonies averred in the indictment for purposes of enhancement.

5

### *Points Five and Six – Admission of Evidence of Flight*

Through his fifth and sixth points of error, appellant claims the trial court erred in admitting evidence of an extraneous offense, *i.e.* his high speed flight from policemen when they encountered him after May 14, 1999. Allegedly, the trial court erred because the evidence was either irrelevant or too prejudicial (assuming it had relevance). We overrule the point for several reasons.

First, evidence of flight has been held to evince a consciousness of guilt, as appellant himself acknowledges. *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994), *cert. denied*, 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995). So, it was relevant to the issue of *mens rea*. Second, the evidence of flight also tends to rebut appellant's belief that he was entitled to excuse himself from appearing because he did not think his attorney was prepared. Simply put, if he did not believe he had to appear, there would be no reason for him to flee when seen by the police. Third, the jurors were instructed to limit their consideration of the evidence to the purpose for which it was admitted. Fourth, while the evidence in question may evince the commission of another crime (*i.e.* resisting arrest) we cannot say with any confidence that it was of the ilk which would induce jurors to convict appellant for reasons other than his guilt for the offense charged in the indictment. It did not involve a crime which the public may generally find to be heinous, such as sexual assault. Nor does it necessarily cause one's emotions to become enraged. Thus, the potential of its admission into evidence causing undue prejudice was *de minimis*.

Finally, even assuming *arguendo* that the trial court erred in receiving it into evidence, we have difficulty in seeing how appellant was harmed. Again, the evidence of

appellant's guilt for the offense charged was overwhelming. *Brown v. State,* 978 S.W.2d 708, 714 (Tex. App. – Amarillo 1998, pet. ref'd.) (recognizing that the quantum of evidence indicating guilt is a factor to be considered in assessing harm). Moreover, that evidence not only came from third-parties but also from appellant's own mouth. He himself admitted that he knew of the trial date but opted not to appear. Moreover, appellant refers us to nothing of record which would support an inference that proof of his flight from the police somehow influenced the jury's verdict. Instead, he merely concludes that the supposed error was harmful. So, without evidence of harm, we can hardly call foul.

### *Points Seven through Ten – Improper Jury Argument*

Appellant next alleges that the trial court erred in denying him a mistrial. He believed himself entitled to same because the State allegedly engaged in improper jury argument at both the guilt / innocence and punishment phases of the trial. We disagree and overrule the point.

As to the first instance of impropriety, the State uttered (during its summation in the guilt / innocence phase) that "defendants lie." Appellant objected to the comment, which objection the court sustained. So too did the court instruct the jury to disregard the utterance, as requested by appellant. Because the trial court instructed the jury to disregard the comment, we not only presume that the jury obeyed, *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (noting that we presume the court's instructions are followed by the jury), but also conclude that the instruction ameliorated any potential harm. *Wilkerson v. State*, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994) *cert. denied*, 513 U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994) (holding that an instruction to disregard

7

a comment normally cures the error).  This is especially so where, as here, the comment was 1) not repeated or otherwise highlighted by the State, 2) a brief remark encompassed within permissible argument, and 3) not of the type sufficiently egregious or extreme to survive an instruction to disregard.  Thus, we find that the trial court did not abuse its discretion when it denied appellant's motion for mistrial.

As to the second instance, the State argued (during summation in the punishment phase) that appellant's family did not appear as witnesses because they had "given up on him." Again, appellant objected, and, again, the trial court sustained the objection.  So too did the trial court grant appellant's request for an instruction and direct the jury to disregard the comment.  Yet, like before, it refused to grant a mistrial.  Given that the court instructed the jury to disregard the utterance, that we must presume the jury abided by the instruction, and that the comment at issue was not so flagrant as to survive the ameliorative effect of an instruction to disregard, we again find no abused discretion on the part of the trial court.

### Point Eleven – Motion to Suppress Extraneous Offenses

Finally, appellant alleges that the trial court erred in refusing to grant his motion to suppress evidence.  We overrule the point.

As the complainant on appeal, an appellant has the burden to inform us of the supposed error and explain why it warrants reversal of the judgment.  It is not our obligation to divine or develop issues for him.  Nor are we required to blindly peruse a voluminous record to discover evidentiary support for the issues laid before us.  *Labrador Oil Co. v. Norton Drilling Co.*, 1 S.W.3d 795, 802-803 (Tex. App.--Amarillo 1999, no pet.).  Again, the duty lies with appellant to provide us with a "clear and concise argument" as well as "citation to authorities and to the record."  TEX. R. APP. PROC. 38.1(h); *Labrador Oil Co. v. Norton*

8

*Drilling Co.*, 1 S.W.3d at 802-803 (stating that the appellant has the burden of directing the appellate court to the portions of the record which supported his complaint). Should he fail to do so, he has neither met his burden or preserved his complaint for review.

Here, in his nine page discussion on the law of search and seizure, appellant omitted from his appellate brief specific reference to the items allegedly obtained through the supposed improper search. Similarly absent is specific reference to where in the record this unknown matter was offered and received into evidence at the trial of the cause. This is of some moment for if the items were not tendered into evidence they could not be the source of error. *Fain v. State*, 986 S.W.2d 666, 681-82 (Tex. App.--Austin 1998, pet. ref'd.) (noting the appellant's failure to identify the items allegedly seized and to direct the court's attention to record where such items were introduced into evidence). In effect, the appellant left us to wade through at least nine volumes of record in search of unknown evidence to fill the void within his brief. And, because we are left to do that, we conclude that appellant failed to carry his appellate burden and preserve his complaint.

The judgment of the trial court is affirmed.


Brian Quinn
Justice


Publish.

9