In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00272-CR
______________________________


MICHAEL DALE VICE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 22,417


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Appellant, Michael Dale Vice, has presented this Court with a motion to dismiss the pending
appeal in this matter. The motion contains an attached affidavit signed by Vice, indicating his wish
to dismiss the appeal. 
            We grant Vice's motion and hereby dismiss the appeal.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 21, 2005
Date Decided:             December 22, 2005

Do Not Publish



ntil his arrest on the Gregg
County warrant. In the context of suppression motions, the general rule is that on appellate review we must examine the
record as it existed at the time of the suppression hearing. O'Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000);
Hoyos v. State, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998);Vargas v. State, 838 S.W.2d 552, 556-57 (Tex. Crim. App.
1992); but see McDole v. State, 579 S.W.2d 7, 8 (Tex. Crim. App. [Panel Op.] 1979) (considering the evidence offered at
both the suppression hearing and at trial); Hicks v. State, 545 S.W.2d 805, 808 (Tex. Crim. App. 1977). However, several
Texas Court of Criminal Appeals cases have held that this general rule is inapplicable where the parties have consensually
relitigated the issue at trial, i.e., where the State raises the issue at trial either without objection or with subsequent
participation in the inquiry by the defense. Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996); Webb v. State,
760 S.W.2d 263, 266 n.13 (Tex. Crim. App. 1988); Hardesty v. State, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984).

 Though the trial court here was faced with a motion to dismiss rather than a motion to suppress, we believe the situation is
sufficiently analogous to warrant the same rule. That is, we may consider only the evidence before the trial court at the
time of the hearing, unless the parties consensually relitigated the issue.

 From the record, we conclude that, although the State may have failed to meet its burden of showing initially that it acted
with due diligence in arresting Hubbert, the evidence adduced later at the hearing sufficiently supports the trial court's
finding that the State used reasonable diligence, and that the parties consensually litigated the issue of diligence. Hubbert's
motion to dismiss and the State's motion to revoke were heard by the trial court at one hearing. The motions were heard
together with the consent of Hubbert, and evidence on both issues of diligence and the merits of revocation was presented
at various points during the joint hearing. After evidence had been presented on the issue of diligence, defense counsel
stated to the court, "Your honor, for a point of inquiry on this. Is the court at this time still allowed to either "A", reinstate
this defendant on probation, "B", modify the conditions of probation, dismiss, or send him to prison?" The trial court
answered, "I think all those options are in front of me." Defense counsel then stated, "That's my understanding. All those
options are in front of this court." Moments later, the court said, "The State can make whatever recommendation they're
going to make, but all those options are available to the Court." After an off-the-record discussion, defense counsel then
stated, "We're ready, Your Honor," and both sides continued with the evidence. During the remainder of the hearing,
evidence was presented on both the State's diligence in serving a capias on Hubbert and Hubbert's violation of the terms of
his community supervision. After this evidence was presented, defense counsel stated to the court, "Your Honor, we still
reurge our motion to dismiss and motion to quash on the basis of testimony being hearsay to this officer."

 Based on this consensual litigation of the diligence and revocation issues together in the same hearing, we conclude that
we should consider all of the evidence presented at the hearing on both issues, and we find the evidence sufficient to
support both of the trial court's rulings. We paraphrase the language of the Texas Court of Criminal Appeals in the case of
Webb v. State, 760 S.W.2d at 272 n.13: To hold that appellate review is always limited to facts adduced at a pretrial
hearing could place the appellate court in the untenable position of having to reverse a conviction in the face of a record
that supports, albeit belatedly, the trial court's ruling.



 For the reasons stated, we affirm the trial court's judgment.





 William J. Cornelius*

 Justice







*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment





Date Submitted: May 23, 2002

Date Decided: December 3, 2002



Publish