NO. 07-05-0401-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2007
_____

DARREN JAY CHANDLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 0908993D; HONORABLE JAMES R. WILSON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Darren Jay Chandler appeals his conviction of the offense of murder and punishment of 50 years confinement. His single issue on appeal challenges the legal sufficiency of the evidence supporting the jury's verdict. We affirm.

The events leading to the victim's death arose from a dispute between neighbors. Appellant lived next to the victim Toby Carr and his common-law wife Sandra Farley in a mobile home park. The neighbors had a good relationship for about a year. Animosity arose after appellant voiced complaints about noise from Toby's and Sandra's children and

the music the couple played. Appellant also accused Sandra and Toby of trying to look in appellant's windows. Appellant's ill will was primarily directed at Toby. Other neighbors testified to complaints and threats appellant made against Toby. They did not take the threats seriously and thought appellant was just "blowing off steam." On different occasions Toby and Sandra suffered vandalism of a vehicle, and found nails and razor blades scattered in their yard. Appellant admitted to pouring acid on Sandra's van but denied the other acts.

Most of the State's version of the events surrounding Toby's death was presented through Sandra Farley's testimony. Toby and Sandra returned home that evening with their children and found a substance that smelled like bleach on a vehicle parked in front of their home. Suspecting appellant was the cause of the odor, Toby threw a sandal at appellant's trailer. Sandra threw a small rock at the trailer. Toby began washing his truck with a water hose. While Sandra was inside with the children, appellant came out of his trailer, screaming, and confronted Toby. As Sandra stepped onto the porch, she witnessed a struggle during which appellant stabbed Toby twice. Toby managed to get inside their trailer but died from the injuries.

Appellant testified and presented a version of events which differed in some material respects. That evening he was alone eating a dinner consisting of a steak with rum and Coke. He had consumed a pint of rum that evening and admitted to being intoxicated. When he heard the impacts on his trailer, he jumped up and went to investigate, carrying the steak knife with him. Appellant went around to Toby and Sandra's property where he said Toby came at him "enraged." Appellant denied immediately recognizing Toby as the

2

person who was charging him. Appellant's description of what occurred during the struggle varied. At some points he denied being aware he had stabbed Toby while elsewhere he admitted to the stabbing in reaction to Toby's charging and grabbing him. Appellant also acknowledged that, after Toby grabbed him, appellant knew Toby was unarmed. Both sides agreed appellant fled and was found by police with the assistance of a helicopter. The knife was never located.

Appellant told the jury he had been diagnosed as being manic-depressive, denied any intent to kill Toby, and asserted he was acting in self-defense. The trial court charged the jury on the offenses of murder, manslaughter and criminally negligent homicide, and the defenses of self-defense and defense of property. The jury rejected appellant's defenses and found him guilty of murder.

Citing *Blankenship v. State*, 780 S.W.2d 198 (Tex.Crim.App. 1989), appellant contends the evidence was legally insufficient to permit the jury to find beyond a reasonable doubt he committed the offense of murder. When deciding whether evidence is legally sufficient to support a conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005), *citing Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Appellant's brief does not identify a particular element on which the State's evidence was lacking. His argument is that the evidence established his claim of self-defense and the jury "appears to have ignored" appellant's testimony.

3

The evidence that appellant stabbed the victim and the victim died of those wounds was undisputed. The jury was not required to accept appellant's version of the events surrounding the stabbing. As fact finder the jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). As such, the jury may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). That a defendant's testimony presents conflicting versions of events is a rational basis on which a jury can find the testimony not credible. *McClesky v. State*, No. 01-05-1056-CR, 2006 WL 3316797, slip op. at 4 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd). Even without the internal conflicts in appellant's testimony, a defendant's own testimony concerning intent does not render evidence legally insufficient to support a contrary finding. *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex.Crim.App. 1995); *Denman v. State*, 193 S.W.3d 129, 133 (Tex.App.–Houston [1st Dist.] 2006, no pet.).

The issue of self-defense is a fact issue to be determined by the jury, and a jury is free to accept or reject the defensive issue, even if the evidence is uncontroverted. *Hill v. State*, 99 S.W.3d 248, 252 (Tex.App.–Fort Worth 2003, pet. ref'd). A guilty verdict is an implicit finding rejecting a defendant's self-defense theory. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991). Evidence raising a defense imposes no duty on the State to produce evidence refuting the defense and does not alter our review of the legal sufficiency of the evidence. *Id.* at 913; *McClesky*, slip op. at 4.

At trial the disputed issue was whether appellant reasonably believed use of deadly force was immediately necessary. *See* Tex. Pen. Code Ann. § 9.31, .32 (Vernon 2003) (defining elements of self-defense and justified use of deadly force); *Hill*, 99 S.W.3d at 251. The evidence that appellant left his home with a deadly weapon, that he knew at a point during their struggle that Toby was not armed, and that he fled from the scene support the jury's rejection of appellant's self-defense claim. *See Saxton*, 804 S.W.2d at 914 (conducting evidentiary review of claim of self-defense); *Miller v. State*, 177 S.W.3d 177, 184 (Tex.App.–Houston [1st Dist.] 2005, pet. ref'd) (evidence of flight supported rejection of self-defense); *Louis v. State*, 61 S.W.3d 593, 597 (Tex.App.–Amarillo 2001, pet. ref'd) (flight is evidence of consciousness of guilt).

The jury's resolution of the conflicts here in favor of the State is supported by the record. Restated, it was not irrational for the jury to find against appellant on the self-defense issue beyond a reasonable doubt. *Saxton*, 804 S.W.2d at 914. We overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

5