NO. 07-07-0156-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 21, 2009
                                       ______________________________

TERESO F. TOVAR, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411201; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Tereso F. Tovar, Jr. appeals his conviction by jury of the offense of
possession of a controlled substance with the intent to deliver in a drug-free zone


 and his
resulting sentence of forty years confinement in the Institutional Division of the Texas
Department of Criminal Justice.


 Via three issues, appellant contends the trial court erred
in failing to grant his request for a mistrial, erred in overruling appellant’s objection
regarding officer testimony, and erred in admitting expert opinion evidence in absence of
proper foundation. We affirm.
Background
          At trial, the State presented the testimony of police officers and a chemist. 
Appellant testified on his own behalf. The evidence showed that appellant had approached
the entrance of Club Heat in Lubbock during late evening business hours. In accordance
with the club’s routine practice, before entering appellant submitted to a security guard’s
“pat search.” The guard asked appellant to remove a cigarette case from his pocket and
open it. When he did so, a package fell to the ground. It contained a white substance. The
club’s security personnel detained appellant and called Lubbock police. 
          When the police corporal who responded to the call arrived, the security personnel
gave him the cigarette case. Inside the case, he found three more baggies containing a
substance he believed was crack cocaine. A field test confirmed his belief. Testimony from
the State’s chemist established the substance found in appellant’s possession, consisting
of four rocks containing cocaine, had a net weight of 2.55 grams. 
 
Analysis
Failure of Trial Court to Grant Mistrial
          In appellant’s first issue, he contends the trial court abused its discretion by denying
his motion for a mistrial. During the State’s direct examination of the corporal, the
prosecutor asked if the officer was familiar with Club Heat. He answered affirmatively and
the prosecutor followed with a question asking whether the officer had been there “multiple
times,” to which he also answered affirmatively. Asked why, the corporal answered, “It
seems we got many calls there shots fired.” Appellant immediately objected and the trial
court sustained appellant’s objection. Appellant then requested and received an instruction
to disregard and unsuccessfully moved for a mistrial.  
          We review a trial court's denial of a mistrial under an abuse of discretion standard. 
 Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). See also Archie v. State, 221
S.W.3d 695, 699-700 (Tex.Crim.App. 2007). Mistrial is a device used to halt trial
proceedings when the error is so prejudicial that expenditure of further time and expense
would be wasteful and futile. Ladd, 3 S.W.3d at 567. To determine whether a given error
necessitates a mistrial, we must examine the particular facts of the case. Id. A mistrial is
required only when the impropriety is clearly calculated to inflame the minds of the jury and
is of such a character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jury. Hinojosa v. State, 4 S.W.3d 240, 253 (Tex.Crim.App.
1999). See also Hawkins v. State, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) (only in
extreme circumstances, where the prejudice is incurable, will a mistrial be required). 
           The trial court did not abuse its discretion by denying the mistrial. The record is
clear that the corporal’s statement referred to calls on other nights, not the night of
appellant’s arrest. The reference to “shots fired” was not connected with appellant. We
see nothing in the statement to suggest that it would incurably inflame the minds of the
jury. The jury is presumed to follow an instruction to disregard. Waldo v. State, 746
S.W.2d 750, 754 (Tex.Crim.App. 1988); Louis v. State, 61 S.W.3d 593, 598
(Tex.App.–Amarillo 2001, pet. ref’d). We find the presumption applicable here. See also
Wilkerson v. State, 881 S.W.2d 321, 327 (Tex.Crim.App. 1994), cert. denied, 513 U.S.
1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994) (an instruction to disregard will generally cure
the error). We resolve appellant's first issue against him.
Testimony Regarding Results of Field Test
          In his second issue, appellant contends the trial court erred by allowing the corporal
to testify regarding the results of his field test because the corporal was not qualified as an
expert. A trial court’s ruling on whether to admit evidence is reviewed under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op.
on reh’g). See also Apolinar v. State, 155 S.W.3d 184, 186 (Tex.Crim.App. 2005). A trial
court abuses its discretion when its determination is outside the zone of reasonable
disagreement. Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996).  
           The corporal testified that he conducted a field test on one of the rocks found on
appellant and the substance tested positive for cocaine. The trial court overruled the
objection appellant voiced under Texas Rules of Evidence 602 and 702. Even if the trial
court erred by doing so, a conclusion we do not reach, the error caused appellant no harm. 
See Tex. R. App. P. 44.2(b). As noted, the State presented the testimony of its expert
chemist, who also testified, without objection, that the substance appellant possessed was
cocaine. According to appellant’s argument, that is the same fact to which the corporal
testified.


 Assuming appellant’s argument is correct, the admission of the chemist’s
testimony rendered admission of the corporal’s statement harmless. See Hicks v. State,
545 S.W.2d 805, 809 (Tex.Crim.App. 1977); Smith v. State, 874 S.W.2d 720, 721
(Tex.App.–Houston [1st Dist.] 1994, pet. ref’d) (holding similar expert testimony rendered
admission of questioned testimony harmless, if error); Foster v. State, No. 07-02-0303-CR,
2003 WL 21705257 (Tex.App.–Amarillo July 23, 2003, pet. ref’d) (mem. op., not
designated for publication) (chemist’s testimony was sufficiently reliable and properly
admitted into evidence such that any error in allowing the police officers to testify to the
composition of the substances found was harmless). Moreover, appellant also testified
that he possessed cocaine. We overrule appellant’s second issue. 
Testimony Regarding Rationale for Charging Appellant with Intent to Deliver
          In appellant’s final issue on appeal, he contends the trial court erred in permitting
the corporal to testify to his rationale for charging appellant with possession of a controlled
substance with intent to deliver. In support of his argument, appellant argues that the
corporal lacked the requisite expertise to testify regarding appellant’s intent to deliver the
cocaine in his possession.
          During its examination of the corporal, the State asked what charge he initially filed
against appellant and why he did so. In response, the corporal stated, “[p]ossession of
a controlled substance with intent to deliver . . . [b]ecause of the way it was packaged and
he had four baggies that were all the same.” The trial court overruled appellant’s objection
made under Texas Rule of Evidence 702 but granted his request for a running objection
when the State continued questioning the corporal about the factors causing him to believe
appellant possessed the intent to deliver the cocaine.
          As with appellant’s second issue, even were we to agree with him that the trial court
erred by overruling his objection, which finding we do not make, the error would not call for
reversal. Review of the record reveals that similar evidence was introduced through the
testimony of another witness, to which the running objection did not extend. A Lubbock
police lieutenant testified in detail, both on direct and cross-examination, concerning
factors indicating one possessing cocaine also possessed an intent to deliver it. The
factors on which he was questioned included the manner of the drug’s packaging and the
number of packages. He concluded his direct examination by agreeing with the prosecutor
that a person entering Club Heat with cocaine under circumstances such as those present
here “could be” doing so with the intent to deliver it. Any error in admitting the corporal’s
similar testimony thus was not a cause for reversal.


 Tex. R. App. P. 44.2(b); Leday v.
State, 983 S.W.2d 713, 717 (Tex.Crim.App. 1998); Massey v. State, 933 S.W.2d 141, 149
(Tex.Crim.App. 1996); Jones v. State, No. 07-99-0463-CR, 2000 WL 1737759
(Tex.App.–Amarillo Nov. 21, 2000, no pet.) (mem. op., not designated for publication). 
We overrule appellant’s third issue and affirm his conviction and sentence.








                                                                                     James T. Campbell

                                                                                                Justice





Do not publish.