NO. 07-07-0156-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 21, 2009
_____

TERESO F. TOVAR, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411201; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Tereso F. Tovar, Jr. appeals his conviction by jury of the offense of possession of a controlled substance with the intent to deliver in a drug-free zone[1] and his resulting sentence of forty years confinement in the Institutional Division of the Texas

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2001).  This is a second degree felony punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (Vernon 2003).

Department of Criminal Justice.[2]  Via three issues, appellant contends the trial court erred in failing to grant his request for a mistrial, erred in overruling appellant's objection regarding officer testimony, and erred in admitting expert opinion evidence in absence of proper foundation.  We affirm.

## Background

At trial, the State presented the testimony of police officers and a chemist. Appellant testified on his own behalf.  The evidence showed that appellant had approached the entrance of Club Heat in Lubbock during late evening business hours.  In accordance with the club's routine practice, before entering appellant submitted to a security guard's "pat search."  The guard asked appellant to remove a cigarette case from his pocket and open it.  When he did so, a package fell to the ground.  It contained a white substance. The club's security personnel detained appellant and called Lubbock police.

When the police corporal who responded to the call arrived, the security personnel gave him the cigarette case.  Inside the case, he found three more baggies containing a substance he believed was crack cocaine.  A field test confirmed his belief. Testimony from the State's chemist established the substance found in appellant's possession, consisting of four rocks containing cocaine, had a net weight of 2.55 grams.

---

[2]  The offense was enhanced, as it occurred within 1000 feet of a park, a drug-free zone.  Texas Health & Safety Code Ann. § 481.134(b)(1) (Vernon 2003).  The offense also was enhanced because appellant had been once before convicted of a felony.  Tex. Penal Code Ann. § 12.42(c)(1) (Vernon 2007).

Analysis

*Failure of Trial Court to Grant Mistrial*

In appellant's first issue, he contends the trial court abused its discretion by denying his motion for a mistrial. During the State's direct examination of the corporal, the prosecutor asked if the officer was familiar with Club Heat. He answered affirmatively and the prosecutor followed with a question asking whether the officer had been there "multiple times," to which he also answered affirmatively. Asked why, the corporal answered, "It seems we got many calls there shots fired." Appellant immediately objected and the trial court sustained appellant's objection. Appellant then requested and received an instruction to disregard and unsuccessfully moved for a mistrial.

We review a trial court's denial of a mistrial under an abuse of discretion standard. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). *See also Archie v. State,* 221 S.W.3d 695, 699-700 (Tex.Crim.App. 2007). Mistrial is a device used to halt trial proceedings when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd,* 3 S.W.3d at 567. To determine whether a given error necessitates a mistrial, we must examine the particular facts of the case. *Id.* A mistrial is required only when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App. 1999). *See also Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) (only in extreme circumstances, where the prejudice is incurable, will a mistrial be required).

3

The trial court did not abuse its discretion by denying the mistrial. The record is clear that the corporal's statement referred to calls on other nights, not the night of appellant's arrest. The reference to "shots fired" was not connected with appellant. We see nothing in the statement to suggest that it would incurably inflame the minds of the jury. The jury is presumed to follow an instruction to disregard. *Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Crim.App. 1988); *Louis v. State,* 61 S.W.3d 593, 598 (Tex.App.–Amarillo 2001, pet. ref'd). We find the presumption applicable here. *See also Wilkerson v. State,* 881 S.W.2d 321, 327 (Tex.Crim.App. 1994), *cert. denied,* 513 U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994) (an instruction to disregard will generally cure the error). We resolve appellant's first issue against him.

*Testimony Regarding Results of Field Test*

In his second issue, appellant contends the trial court erred by allowing the corporal to testify regarding the results of his field test because the corporal was not qualified as an expert. A trial court's ruling on whether to admit evidence is reviewed under an abuse of discretion standard. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). *See also Apolinar v. State,* 155 S.W.3d 184, 186 (Tex.Crim.App. 2005). A trial court abuses its discretion when its determination is outside the zone of reasonable disagreement. *Green v. State,* 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996).

The corporal testified that he conducted a field test on one of the rocks found on appellant and the substance tested positive for cocaine. The trial court overruled the objection appellant voiced under Texas Rules of Evidence 602 and 702. Even if the trial court erred by doing so, a conclusion we do not reach, the error caused appellant no harm.

4

*See* Tex. R. App. P. 44.2(b).  As noted, the State presented the testimony of its expert chemist, who also testified, without objection, that the substance appellant possessed was cocaine.  According to appellant's argument, that is the same fact to which the corporal testified.[3]  Assuming appellant's argument is correct, the admission of the chemist's testimony rendered admission of the corporal's statement harmless.  *See Hicks v. State,* 545 S.W.2d 805, 809 (Tex.Crim.App. 1977); *Smith v. State,* 874 S.W.2d 720, 721 (Tex.App.–Houston [1ˢᵗ Dist.] 1994, pet. ref'd) (holding similar expert testimony rendered admission of questioned testimony harmless, if error); *Foster v. State,* No. 07-02-0303-CR, 2003 WL 21705257 (Tex.App.–Amarillo July 23, 2003, pet. ref'd) (mem. op., not designated for publication) (chemist's testimony was sufficiently reliable and properly admitted into evidence such that any error in allowing the police officers to testify to the composition of the substances found was harmless).  Moreover, appellant also testified that he possessed cocaine.  We overrule appellant's second issue.

*Testimony Regarding Rationale for Charging Appellant with Intent to Deliver*

In appellant's final issue on appeal, he contends the trial court erred in permitting the corporal to testify to his rationale for charging appellant with possession of a controlled substance with intent to deliver.  In support of his argument, appellant argues that the corporal lacked the requisite expertise to testify regarding appellant's intent to deliver the cocaine in his possession.

---

[3] The State contends the corporal simply was testifying to the results of his field test, not that the substance actually was cocaine.  See *Smith v. State,* 874 S.W.2d 720, 721 (Tex.App.–Houston [1ˢᵗ Dist.] 1994, pet. ref'd) (addressing a similar contention).  We need not address this contention either.

During its examination of the corporal, the State asked what charge he initially filed against appellant and why he did so. In response, the corporal stated, "[p]ossession of a controlled substance with intent to deliver . . . [b]ecause of the way it was packaged and he had four baggies that were all the same." The trial court overruled appellant's objection made under Texas Rule of Evidence 702 but granted his request for a running objection when the State continued questioning the corporal about the factors causing him to believe appellant possessed the intent to deliver the cocaine.

As with appellant's second issue, even were we to agree with him that the trial court erred by overruling his objection, which finding we do not make, the error would not call for reversal. Review of the record reveals that similar evidence was introduced through the testimony of another witness, to which the running objection did not extend. A Lubbock police lieutenant testified in detail, both on direct and cross-examination, concerning factors indicating one possessing cocaine also possessed an intent to deliver it. The factors on which he was questioned included the manner of the drug's packaging and the number of packages. He concluded his direct examination by agreeing with the prosecutor that a person entering Club Heat with cocaine under circumstances such as those present here "could be" doing so with the intent to deliver it. Any error in admitting the corporal's similar testimony thus was not a cause for reversal.[4] Tex. R. App. P. 44.2(b); *Leday v. State,* 983 S.W.2d 713, 717 (Tex.Crim.App. 1998); *Massey v. State,* 933 S.W.2d 141, 149 (Tex.Crim.App. 1996); *Jones v. State,* No. 07-99-0463-CR, 2000 WL 1737759

---

[4] Although we need not rely on it, we note also that appellant testified directly to the issue, saying his intent that night was "[f]or me and my three female friends that were there at the club to enjoy ourselves."

(Tex.App.–Amarillo Nov. 21, 2000, no pet.) (mem. op., not designated for publication).

We overrule appellant's third issue and affirm his conviction and sentence.


James T. Campbell
Justice


Do not publish.