James Derry WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-81-0475-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 2, 1982.

Philip Greene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James Brough, Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, BASS and DUGGAN, JJ.

OPINION

JACK SMITH, Justice.

The appellant was indicted for murder; the jury found him guilty and assessed his punishment at 10 years confinement.

In his sole ground of error, the appellant alleges he was denied reasonably effective assistance of counsel because his trial counsel failed: (1) to file pre-trial motions; (2)

to request transcription of the voir dire; (3) to request a jury instruction on voluntary manslaughter; (4) to file a motion for a new trial; and (5) to object to inadmissible evidence and improper jury argument.

A brief review of the facts discloses that the appellant and the deceased got into an argument concerning the appellant's removing a television from an apartment. A scuffle ensued, and the appellant stabbed the deceased, who died from the stab wound in his heart.

■ The appellant and the State agree that the standard of competence for criminal defense attorneys has been established as "reasonably effective assistance of counsel." *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Cr.App. 1980); however, the State disputes the appellant's assertion that the appellant did not receive effective assistance of counsel.

The appellant alleges that his counsel failed to file certain pre-trial motions and therefore did not render him effective assistance. There is nothing in the record to show that this failure prejudiced the appellant.

■ It is encumbent upon the appellant to show harm or prejudice when he alleges error. Courts will not presume harm. *Haliburton v. State,* 578 S.W.2d 726 (Tex.Cr. App.1979). In the instant case, the bare allegation of "harm" lacks specificity, and we will not presume harm simply because the motions were not filed.

■ The appellant next alleges that his counsel did not render effective assistance because he did not request the court reporter to transcribe his notes of the voir dire examination for the appellate record. We find no merit in this contention as the appellant has two court-appointed attorneys for appeal, either of whom could have requested a transcription of the voir dire record, and they chose not to do so.

The appellant further alleges that he did not receive effective assistance of counsel because his attorney did not request a jury instruction on the lesser included offense of voluntary manslaughter.

The State argues that it is abundantly apparent from the record that the trial strategy of the appellant's counsel was to get his client acquitted on the charge of murder and, if that failed, to attempt to obtain probation for the appellant. The State observes, that although counsel was not successful in these objectives, by a vigorous approach to these objectives, he obtained for his client a ten year sentence, minimal under the circumstances, when the State argued for a fifty year sentence. It also points out that the appellant could have received twenty years confinement under the lesser offense of voluntary manslaughter.

■ The Texas Court of Criminal Appeals has adopted the standard to be used in determining whether a lesser included offense instruction is required. In *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981), Judge Davis, in his opinion on motion for rehearing, stated as follows:

Thus, in determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. (citations omitted)

■ In the instant case, the evidence supports the jury verdict of murder and would have supported the lesser offense of voluntary manslaughter, but this is not a case where a request was made to include a lesser included offense in a charge and such request was denied. See *Roberts v. State,* 590 S.W.2d 498 (Tex.Cr.App.1979). It is a case where counsel did not make such request. Under these circumstances, does the failure of counsel to request the inclusion of a voluntary manslaughter instruction in the charge deny the defendant reasonably effective assistance of counsel, as a matter of law?

The record in this case does not enable us to reach that conclusion. The evidence reveals that there were several witnesses to the stabbing and the appellant testified that he stabbed the deceased. He also testified that the deceased was the aggressor in this incident, that the deceased was his friend, that the deceased was larger than he, and that he was, in effect, forced to stab the deceased to protect his own life. This testimony leaves no doubt but that the appellant felt he was defending himself and was entitled to be acquitted of the charges. His trial counsel's efforts were exerted to obtain an acquittal, and when he chose not to request a voluntary manslaughter charge, it was obviously a trial strategy.

Trial strategy is of paramount importance, but to grant a new trial simply because trial strategy failed or partially failed would make a mockery of the law. This is not a case where defense counsel was ignorant of the law. A reading of the record makes it quite clear that the appellant's trial attorney is experienced. We hold that the failure to request the inclusion of the lesser included offense in the charge of the court, where such request is purposely not made because of trial strategy, does not deny appellant the effective assistance of counsel.

The appellant lastly complains that he received ineffective assistance of counsel because his counsel failed to make timely objections to inadmissable evidence and to improper jury argument.

The record in this case is in excess of four hundred pages, and a reading of the record reveals that the complained of matters are isolated instances. We find no harm or injury to the appellant. Isolated instances of failure to object to inadmissible evidence or to improper jury argument ordinarily do not reflect ineffective assistance. *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977).

Finally, we are of the opinion that the combined effect of the alleged errors does not constitute ineffective assistance of counsel.

Assertions of ineffective counsel will be sustained only if firmly founded, *Williams v. State,* 535 S.W.2d 352 (Tex.Cr.App.1976); and the adequacy of counsel's representation will be gauged by the totality of his representation, *Ewing v. State,* supra. The standard is "reasonably effective assistance of counsel", not perfect assistance of counsel. The wisest as well as the best of counselors have erred. In the instant case, when the entire record is considered, the totality of the appellant's representation was effective.

The appellant's ground of error is overruled and the judgment of the trial court is affirmed.