**Carl PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00489–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1992.

**384**

Henry K. Oncken, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, Melissa Schwarz, Asst. Dist. Attys., for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

A jury found appellant, Carl Porter, guilty of possession of a controlled substance. After appellant pled true to one enhancement paragraph, the jury assessed punishment at 99–years confinement. The sole issue before this Court is whether appellant was denied effective assistance of counsel. We affirm.

Ineffective assistance of counsel

In his sole point of error, appellant argues he was denied effective assistance of counsel because his trial counsel did not object to impermissible jury argument by the prosecuting attorney during the punishment phase of trial.

Standard of review

The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim.App.1980). Each case must be reviewed based upon its individual facts and circumstances. *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Crim.App.1974). The con-

stitutional right to counsel, however, does not mean errorless counsel or counsel whose competency is judged in hindsight. Moreover, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Crim.App.1977). Neither is counsel rendered ineffective merely because counsel may have made a mistake during trial and other counsel might have tried the case differently. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App. 1984).

■ The standard for evaluating a claim of punishment phase ineffectiveness of counsel is the "reasonably effective assistance" standard. *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex.Crim.App.1991). The "reasonably effective assistance" standard means counsel did render reasonably effective assistance. *Id.* In judging effectiveness, we focus on the full scope of assistance—representation, performance, and delivery—rather than adequacy of ability or capacity to advise. *Id.* The harm due to the alleged ineffective assistance must be shown. *Stone v. State,* 751 S.W.2d 579, 582 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim. App. [Panel Op.] 1981); *Shepherd v. State,* 673 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

Improper jury argument

In his sole point of error, appellant argues that his trial counsel was ineffective for failing to object to the following portions of the prosecutor's argument:

> And when you're dealing with sympathies such as for the defendant, you can think of sympathies also for the victims of crimes....

> You can think about people in their homes, you can think about burglars, you can think about what people who do drugs cause in society. All of that is within your realm of considerations....

> He robs from your neighbors, from the other people in Harris County. When you're talking about sympathies you think about the victims of these crimes and the victims that people who use drugs cause. They're the people who are out on your streets passing you day-to-day in your neighborhoods who are there to steal your car, to rob your person, to rob you at gunpoint. You need consider that because, ladies and gentlemen, people in Harris County expect to live in a society where people obey the laws....

> And the State of Texas feels that this is a serious crime. Yes, you can look at the fact that he was caught with just a small amount of cocaine that fit in this envelope.... but I also want you to consider the size of the vial. And when wondering, wonder if it was full. Wonder what this had contained. Wonder how many times this vial had been filled up and how many thefts and robberies and burglaries paid for the cocaine for a man who's not working....

■ The law provides for, and presumes a fair trial, free from improper argument by the prosecuting attorney. *Dickinson v. State,* 685 S.W.2d 320, 322 (Tex. Crim.App.1984). An improper argument constitutes reversible error when in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused into the trial proceedings. *Phillips v. State,* 701 S.W.2d 875, 892 (Tex. Crim.App.1985). The failure to object to improper jury argument does not ordinarily reflect ineffective assistance. *Wilson v. State,* 646 S.W.2d 472, 474 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

Appellant contends that the prosecutor's argument in the first, second, and third portion quoted above invited and urged the jury to sympathize with victims of other crimes in assessing his punishment because the argument was not limited to the harm that society suffers due to his drug use. In other words, appellant argues that the prosecutor was asking the jury to punish appellant for the "harm wrought upon society by all drug users."

During closing arguments appellant's counsel argued the following:

All we want you to consider is [appellant] is one of thousands of people in this country who has a drug problem.

If you think I'm trying to appeal to your sympathy, I'm appealing to your sympathetic nature in terms of a societal problem, and I am doing that. Very blatantly.

The State contends that the portions of the prosecutor's argument in question are proper because the argument was in response to defense counsel's argument urging the jury to sympathize with appellant because he is a victim of a societal drug problem. We agree.

■■■ The areas of permissible jury argument encompass the following four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim.App.1990); *Cooper v. State*, 788 S.W.2d 612, 614 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). In the instant case, defense counsel asked the jury to sympathize with appellant because he was the victim of a societal drug problem. The prosecutor's argument is in response to

this argument and thus, was invited. *Broussard v. State*, 505 S.W.2d 282, 286 (Tex.Crim.App.1974). Any objection would have been overruled.

Appellant also asserts that the fourth portion of the prosecutor's argument quoted above urges the jury to speculate about and consider extraneous offenses by inviting the jury to "wonder how many thefts and robberies and burglaries paid for the cocaine for a man who is not working." We disagree.

■■■ A prosecuting attorney's closing argument may encompass reasonable deductions from the evidence. *Borjan*, 787 S.W.2d at 55; *Cooper*, 788 S.W.2d at 614. Counsel's argument may draw from facts in evidence all inferences that are reasonable, fair, and legitimate. Counsel is afforded virtually unlimited latitude in this regard as long as the argument is supported by the evidence and made in good faith. *Griffin v. State*, 554 S.W.2d 688, 690 (Tex.Crim.App.1977).

■■■ Before closing arguments at the punishment phase of trial, the State introduced, without objection, five pen packets showing appellant's prior criminal history. The pen packets reflected the following:

| CAUSE # | OFFENSE | SENTENCE |
|---|---|---|
| 501221 | Delivery–Cocaine | 20 yrs. |
| 469021 | Theft by receiving | 7 yrs. |
| 337054 | Unauthorized use of a motor vehicle | 3.5 yrs. |
| 350590 | Robbery [1] | 3.5 yrs. |
| 431340 | Theft from a person | 3 yrs. |

Clearly, the prosecutor's argument is based on the evidence of appellant's past criminal record. Thus, the prosecutor's argument was a reasonable deduction based on the evidence and was proper. *Carter v. State*, 614 S.W.2d 821, 823 (Tex.Crim.App. [Panel Op.] 1981). Because the prosecutor's argument was permissible, any objection appellant's trial counsel might have made should have been overruled. Thus,

the failure to object does not constitute ineffective assistance of counsel.

Appellant's sole point of error is overruled.

The judgment is affirmed.

---

1. Appellant committed this robbery while serving two years probation for a deferred adjudica-

tion that was granted for the previous offense of unauthorized use of a motor vehicle.