Opinion issued August 19, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00610-CR

———————————

Jimmy Griffin, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 208th District Court

Harris County, Texas



Trial Court Case No. 1121915

 



 

MEMORANDUM OPINION

A jury
found Jimmy Griffin guilty of the felony offense of aggravated robbery and
assessed a sentence of forty years’ incarceration.  On appeal, Griffin contends that appointed
trial counsel violated his right to effective assistance of counsel.  Finding no error, we affirm.

Background

In the early morning hours of
October 23, 2006, Griffin entered a Wal-Mart store in northern Harris County and
headed toward the branch of the Woodforest National Bank inside the store.  Both the store and the bank were open
twenty-four hours a day, and two tellers staffed the bank at that time. 
As security measures, the bank had an alarm system, used video
surveillance, and inserted global positioning system (GPS) tracking devices
into some of the cash bundles it held.

Griffin walked into the bank,
pointed a gun at the tellers, and demanded money.  One teller gave Griffin several bundles of
cash, one of which contained a GPS tracking device.  As Griffin fled, the other teller pushed the
alarm button.  

The police officers responding to
the alarm located Griffin through the GPS device.  They found a duffel bag in Griffin’s car that
contained bundles of cash wrapped in tape bearing the bank’s name.  The bag contained $7,389.  Further search of Griffin’s car led to
discovery of another $1,000 in the car’s center console, a loaded handgun in
the glove compartment, and the clothes Griffin wore during the robbery.

The officers took Griffin back to
the bank, where the tellers identified him as the robber.  A grand jury indicted Griffin for aggravated
robbery.  The trial court appointed two
attorneys to defend Griffin.  After
Griffin refused the State’s plea offer, he entered a plea of not guilty, and
the case went to trial. 

During the guilt-innocence phase of
trial, the jury saw the DVD and still photo showing Griffin committing the
robbery, and heard testimony from the tellers, the store security guard, and
the police officers who had reported to the scene, arrested Griffin, and
investigated the crime.  With respect to
his prior criminal history, Griffin entered into a stipulation of evidence, in
which he waived his right against self-incrimination and confessed to 

·       
Pleading guilty in 2002 to the felony offense of injury to a child in
exchange for deferred adjudication and three years of community supervision; 

·       
Receiving a conviction in 1993 for misdemeanor assault, for which he
served 120 days in the Harris County Jail; and

·       
Receiving a conviction in 1989 for the felony offense of aggravated
robbery, for which he received a sentence of ten years’ confinement in the
Texas Department of Corrections.

Also during the punishment phase, the State had
Griffin’s stepdaughter testify about an incident that occurred when she was
fourteen years old in which Griffin reached underneath her clothes while she
was asleep and touched her breast. 
Griffin denied touching his stepdaughter’s breast, and claimed he
committed the robbery only because he would rather go to prison for something
he did than be sent on a false indecency charge.




 

Ineffective
Assistance of Counsel

Griffin first contends that the
case must be reversed because his trial counsel did not provide him with
reasonably effective representation.  To
show ineffective assistance of counsel, a defendant must demonstrate both (1)
that his counsel’s performance fell below an objective standard of
reasonableness; and (2) that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S. Ct.
2052, 2064, 2068 (1984); Andrews v. State,
159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A defendant has the burden to establish both
of these prongs by a preponderance of the evidence, and a failure to make
either showing defeats his ineffectiveness claim.  Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  We presume that counsel’s conduct falls within
the wide range of reasonable professional assistance, and we will find counsel’s
performance deficient only if the conduct is so outrageous that no competent
attorney would have engaged in it.  Andrews, 159 S.W.3d at 101. 

We cannot speculate beyond the
record provided, so any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Because the record is usually underdeveloped,
direct appeal is often an inappropriate forum in which to bring this type of
claim because the reasonableness of counsel’s decisions often involves facts
not appearing in the appellate record.  Rylander v. State, 101 S.W.3d 107, 110–11
(Tex. Crim. App. 2003); Thompson, 9
S.W.3d at 813–14.  Therefore, it is
critical that the defendant obtain the necessary record in the trial court to
rebut the Strickland presumption that
counsel’s conduct was strategic.  Thompson, 9 S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92
(Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  This kind of record is best developed in a hearing
on a motion for new trial or by application for a writ of habeas corpus.  See
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); McCullough, 116 S.W.3d at 92. 

Here, Griffin moved for new trial, but
the trial court did not hear the motion before it lost plenary power.  Without evidence of the strategy and methods
involved concerning counsel’s actions at trial, we presume that sound trial
strategy underlies them.  See Thompson, 9 S.W.3d at 814; Batiste v. State, 217 S.W.3d 74, 83
(Tex. App.—Houston [1st Dist.] 2006, no pet.)

Agreement to strike prospective juror

In his first Strickland complaint, Griffin contends that trial counsel rendered
ineffective assistance by agreeing with the State to strike a member of the
venire panel after the trial court denied the State’s motion for cause.  That panel member, according to Griffin,
showed that he would have favored the defense’s position in stating his opinion
that he believed members of the Galveston police force were “crooked.”  

          Jury
selection, in particular, involves strategy. 
Biagas v. State, 177 S.W.3d
161 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  Here, the record does not contain any
evidence to rebut the presumption that defense counsel made a strategic
decision to agree to the State’s request to strike the panel member.  The trial court called the panel member to
the bench after discovering that he failed to disclose a prior arrest and
denied the State’s request to strike him for cause after the panel member
responded that he could still be fair in this case.  Defense counsel had the first-hand opportunity
to evaluate the panel member’s demeanor and reasonably could have concluded the
individual lacked candor or exhibited some other quality that made him more
objectionable than the remaining panel members.   Griffin thus fails to show that defense
counsel’s agreement to strike the panel member amounted to ineffective
assistance of counsel.

          Failure
to conduct adequate voir dire

          Griffin
next contends that trial counsel rendered ineffective assistance because he
conducted a very brief voir dire.  The
record indicates that the trial court and the State questioned the venire panel
for nearly two hours on a variety of topics. 
Defense counsel addressed the panel on voir dire for fifteen minutes.  Griffin does not identify any issue that the
trial court and the State did not raise during voir dire that his trial counsel
should have raised, or any follow-up question made necessary by the venire’s
responses to the earlier questioning.  We
will not speculate to find trial counsel ineffective when the record is silent
on counsel’s reasoning or strategy.  Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.).  Appellant thus fails to rebut the presumption
that counsel acted reasonably.  See Thompson, 9 S.W.3d at 814.

          Failure
to adequately cross-examine prosecution witnesses

          In his
third Strickland issue, Griffin
complains that trial counsel did not adequately cross-examine the State’s
witnesses.  Specifically, Griffin points
out his trial counsel’s failure to cross-examine (1) one of the bank tellers on
the effect of her hearing loss on her ability to hear Griffin’s demand that she
“lie down”; (2) a police officer on his testimony that the bank considered
$1,000 in cash to still be missing; (3) a police deputy on his testimony
concerning his discovery of the missing $1,000 in the car’s center console; (4)
the store security officer about his testimony that the police did not turn in
the missing $1,000.

Defense counsel reasonably could
have concluded that additional cross-examination of these witnesses could have
elicited testimony undermining Griffin’s defense or opened the door to facts
damaging to his case.  Griffin does not explain
how counsel’s failure to ask additional questions caused him prejudice.  Without a more fully developed record, we
presume that counsel had sound strategic reasons for not pursuing additional
cross-examination of these witnesses.  See Ex parte Burns, 601 S.W.2d 370, 372
(Tex. Crim. App. 1980) (“A full inquiry into the strategy or tactics of counsel
should be made only if from all appearances after trial, there is no plausible
basis in strategy or tactics for his actions.”).   

          Failure to file pre-trial motions and object
to extraneous offense evidence

          Griffin
contends that his trial counsel was ineffective because they failed to file
pretrial motions (1) requesting that the State give notice of its intent to
offer evidence of extraneous offenses or bad acts; (2) requiring the State to
reveal any prior agreement that could influence a witness’s testimony; (3) in
limine to exclude evidence of Griffin’s prior convictions and parole status; (4)
to suppress the statement “I messed up,” that Griffin made while in police custody;
and (5) for a psychiatric examination.  

A trial counsel’s failure to file
pretrial motions is not per se ineffective assistance of counsel.  Bonilla
v. State, 740 S.W.2d 583, 586–87 (Tex. App.—Houston [1st Dist.] 1987, pet.
ref’d).  Further, unless the appellant
shows that the pretrial motion had merit and that a ruling on the motion would
have changed the outcome of the case, counsel will not be ineffective for
failing to assert the motion.  Jackson, 973 S.W.2d at 957 (citing Roberson v. State, 852 S.W.2d 508,
510–12 (Tex. Crim. App. 1993)); see also
Mooney v. State, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (observing that
Strickland standard does not require
that defense counsel file futile motions).  

Nothing in the record shows that the
failure to file motions prejudiced Griffin. 
The record does not reveal whether counsel conducted any informal
discovery, and there is no showing that discovery would have factually changed
any of the proof at trial.  Griffin
stipulated to his prior convictions introduced in the punishment phase of the
trial.  The State also gave defense
counsel notice of its intent to introduce evidence that Griffin touched his
stepdaughter’s breast, and the indecency charge arising from that allegation
was relevant to the apparent defense strategy of having Griffin accept
responsibility for the aggravated robbery and other prior convictions but deny
the charge of indecency.  An attorney’s
failure to object to admissible testimony does not constitute ineffective
assistance.  Cooper v. State, 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.]
1986, pet. ref’d).  

          With
respect to the absence of a motion to suppress Griffin’s custodial statement “I
messed up,” Griffin’s counsel objected when the officer testified concerning
the statement before the jury, and the trial court sustained the objection and
instructed the jury to disregard the statement. 
We presume that a jury will obey a trial court’s instruction to
disregard evidence that has not been admitted.  Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  Griffin thus fails to show that he was
prejudiced by counsel’s failure to request suppression of that statement.

          In
contending that his counsel was ineffective for failing to have him evaluated
by a psychiatrist, Griffin points solely to defense counsel’s comment, during
closing argument, that Griffin’s “thinking is just completely skewed.”  Defense counsel used that statement to
explain Griffin’s testimony that he would rather commit aggravated robbery than
be convicted of an indecency offense he did not commit.  Trial counsel’s argument suggests that
Griffin had bad judgment, not that he was mentally incompetent.  That passing observation does not support a
claim that trial counsel should have sought a psychiatric examination to
determine whether Griffin was legally incompetent to stand trial.  

Griffin misplaces his reliance on Ex parte Briggs.  187 S.W.3d 458 (Tex. Crim. App. 2005).  The defendant in that case, a
seventeen-year-old mother whose baby died in the hospital when he was two
months old, was charged with injury to a child causing death.  Id.
at 461.  Before the baby’s death, the
defendant repeatedly took him to doctors, but the birth defect causing his
symptoms went undiagnosed.  Id.  The medical records and autopsy report led
medical experts retained in the habeas case to conclude that the baby died of
natural causes, contrary to the conclusion reached during the criminal
investigation that culminated in the criminal charges against the mother.  Id.
at 462.  The Court of Criminal
Appeals—observing that “the clear and obvious defense strategy, which applicant’s
trial attorney recognized, was to focus on Daniel’s medical history and his
cause of death”—held that the defendant’s privately retained counsel rendered
constitutionally ineffective assistance for deciding not to retain a medical
expert for financial reasons and in failing to request state funding for
retaining medical experts to determine the baby’s cause of death.  Id.
at 467–69.

Nothing in the record here shows
that a psychiatric evaluation was crucial to a defensive strategy or that the
failure to obtain one rendered trial counsel’s representation so deficient and
lacking in tactical or strategic decision-making as to overcome the presumption
that his conduct was reasonable and professional.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  We therefore hold that Griffin has failed to
show that his counsel rendered ineffective assistance by failing to file these
pretrial motions.

Ineffective assistance during closing argument 

          Griffin
complains that his counsel’s statement, during the punishment phase closing
argument, that “there was some touching” of Griffin’s stepdaughter amounted to
an admission to the untried charge of indecency.  Immediately following that statement, defense
counsel recounted that the stepdaughter woke up and heard Griffin walking away
from her room, that “she thought she felt something” and told her sister “that
she dreamed that it happened, but “couldn’t remember it.”  Read in context, defense counsel’s argument
does not admit to the charge; rather, it emphasizes to the jury the weakness of
the evidence supporting the indecency charge, and suggests that the
stepdaughter may have had other motives to accuse Griffin.  Even if this point could have been more
artfully expressed, counsel’s effort to give the jury a basis for having
reasonable doubt concerning the indecency charge does not constitute
ineffective assistance.  See Bone,
77 S.W.3d at 835.  

          Griffin
also contends that counsel was ineffective because he failed to object to the
State’s summation of the evidence concerning the incident with the
stepdaughter.  Specifically, Griffin
points to the prosecutor’s statement that the stepdaughter awoke and found
Griffin touching her breast as beyond the evidence and inflammatory.  The failure to object to improper jury
argument does not ordinarily reflect ineffective assistance.  Wilson
v. State, 646 S.W.2d 472, 474 (Tex. App.—Houston [1st Dist.] 1982, no
pet.).  Moreover, the statement is in
response to the defense’s characterization of the incident set forth above and
arguably contains an inference drawn from facts before the jury, albeit one
favorable to the prosecution.  Griffin
has not shown that the trial court would have committed error by overruling an
objection to the statement.  See Ex parte White, 160 S.W.3d 46, 53
(Tex. Crim. App. 2004) (to show ineffective assistance of counsel for failure
to object during trial, appellant must show that trial court would have
committed error in overruling objection). 
Accordingly, Griffin fails to show that trial counsel rendered
ineffective assistance during closing argument. 


Conclusion

          We hold
that Griffin fails to show that his trial counsel deprived him of the
constitutional right to effective assistance of counsel.  We therefore affirm the judgment of the trial
court.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).