ACCEPTED
12-14-00179-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/12/2015 11:50:30 PM
CATHY LUSK
CLERK

# NUMBER 12-14-00179-CR

## IN THE TWELFTH DISTRICT COURT OF APPEALS
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/12/2015 11:50:30 PM
CATHY S. LUSK
Clerk

## EARNEST MARK BROWNING,
**Appellant**

**v.**

## THE STATE OF TEXAS,
**Appellee**

From the 241st District Court of Smith County, Texas
Trial Cause Number 241-0488-14

## STATE'S BRIEF

## ORAL ARGUMENT NOT REQUESTED

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone: (903) 590-1720
Fax: (903) 590-1719
Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities.................................................................................................2

Statement of Facts ..................................................................................................4

Summary of Argument ............................................................................................4

**I.ISSUE ONE**:  As the failure to raise an objection to an isolated argument regarding parole during the punishment phase of trial does not constitute conduct so outrageous that no competent attorney would have engaged in it, and because the sentence assessed by the jury shows that appellant was not harmed by the prosecutor's argument, appellant has failed to show that his trial counsel rendered ineffective assistance.......5

Standard of Review..................................................................................................5

Argument..................................................................................................................6

**II.  ISSUE TWO**:  As the record does not contain sufficient evidence to support the award of restitution to DPS in the amount of $180, the judgment should be modified to delete the restitution amount...........................................................................10

Certificate of Compliance .....................................................................................12

Certificate of Service.............................................................................................12

# INDEX OF AUTHORITIES

## Texas Cases

*Cain v. State*, No. 12-13-00178-CR, 2014 Tex. App. LEXIS 7037, (Tex. App.—Tyler June 30, 2014, no pet.) ........................................................................ 11

*Colburn v. State*, 966 S.W.2d 511 (Tex. Crim. App. 1998) ........................... 10

*Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005) ........................ 7

*Hawkins v. State*, 135 S.W.3d 72 (Tex. Crim. App. 2004) ......................... 8, 10

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986) ........................... 8

*Ingham v. State*, 679 S.W.2d 503 (Tex. Crim. App. 1984) .............................. 8

*Mata v. State*, 226 S.W.3d 425 (Tex. Crim. App. 2007) ................................. 8

*Porter v. State*, 832 S.W.2d 383 (Tex. App.—Houston [1st Dist.] 1992, no pet.) ................................................................................................................... 8

*Taylor v. State*, 233 S.W.3d 356 (Tex. Crim. App. 2007) ................................ 9

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) .......................... 6, 9

## Texas Statutes

Tex. Code Crim. Proc. Ann. art. 37.07, § 4 .................................................. 8, 10

## Federal Cases

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................ 6, 9

**NUMBER 12-14-00179-CR**

___

## IN THE TWELFTH DISTRICT COURT OF APPEALS
## TYLER, TEXAS

___

**EARNEST MARK BROWNING,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

From the 241st District Court of Smith County, Texas
Trial Cause Number 241-0488-14

___

# STATE'S BRIEF

___

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's first alleged issue, delete the award of restitution to the Texas Department of Public Safety from the judgment, and affirm the judgment of the trial court in the above-captioned cause as modified.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 2-3). In the interest of judicial economy, any other facts not mentioned therein that may be relevant to the disposition of appellant's issues will be discussed in the State's arguments in response.

## SUMMARY OF ARGUMENT

Where, as here, defense counsel's reasons for not objecting to the prosecutor's argument concerning parole do not appear in the record, appellant has failed to overcome the presumption that his counsel's actions were reasonable trial strategy. Moreover, even if counsel's failure to object constituted deficient performance, appellant has failed to show prejudice: the jury assessed his punishment at confinement for four years after the prosecutor argued for a sentence of ten years. Lastly, as the record does not contain sufficient evidence supporting the award of restitution to the Texas Department of Public Safety ("DPS") in the amount of $180, appellant's second issue should be sustained and the amount of restitution deleted from the judgment.

**I. ISSUE ONE**: As the failure to raise an objection to an isolated argument regarding parole during the punishment phase of trial does not constitute conduct so outrageous that no competent attorney would have engaged in it, and because the sentence assessed by the jury shows that appellant was not harmed by the prosecutor's argument, appellant has failed to show that his trial counsel rendered ineffective assistance.

STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he must show: (1) deficient performance, in that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) prejudice, or a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687-88, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. Where, as here, defense counsel's reasons for

5

an alleged error of omission do not appear of record, the Court of Criminal Appeals

has explained:

> A *Strickland* claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This is true with regard to the question of deficient performance - in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight - where counsel's reasons for failing to do something do not appear in the record. We have said that trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation

marks omitted).

## ARGUMENT

In his first issue, appellant complains that his counsel was ineffective for failing to object to the following argument by the prosecutor during the punishment phase of his jury trial for possession of methamphetamine in a drug-free zone (Appellant's Br. 4-7):

> Anyway, the point is this: He's eligible in one-quarter time of the sentence you impose. You impose that maximum of a ten-year sentence, he becomes eligible in two-and-a-half years. So here's the question is – and then he's – he's supervised. So ultimately the defendant's going to be supervised no matter what we do today.

6

> The question is: Once he gets out of prison, how long do you want him to be supervised? How long do you think this defendant needs to be supervised? I would submit to you that he needs to be supervised for that full – for the full remaining term of his confinement of ten years. Hopefully I haven't confused you too much.

(II Rep.'s R. at 216-17). Article 37.07, section 4(c), of the Code of Criminal Procedure, "specifically provides that the jury may consider the existence of parole law and good time in making its punishment determination; the jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant." *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(c) (West 2014). Assuming for the sake of argument that the prosecutor's argument improperly encouraged the jury to consider how parole law and good conduct time would be applied to appellant in assessing punishment, the record is silent as to why his trial counsel did not object (II Rep.'s R. at 216-17). "Therefore, the appellant has failed to rebut the presumption that trial counsel's decision was in some way – be it conceivable or not – reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). "The failure to object to improper jury argument does not ordinarily reflect ineffective assistance." *Porter v. State*, 832 S.W.2d 383 (Tex. App.—Houston [1st Dist.] 1992, no pet.). *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) ("An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective

assistance of counsel."); *Hernandez v. State*, 726 S.W.2d 53, 58 (Tex. Crim. App. 1986) ("The right to effective counsel is not the right to error-free counsel."). Where, as here, the record is silent as to defense counsel's reasons for the omission, an isolated failure to object to improper argument on the issue of parole does not constitute conduct so outrageous that no competent attorney would have engaged in it. *Mata*, 226 S.W.3d at 433. As appellant has failed to rebut the presumption that his counsel's omission was the result of sound trial strategy, he has not met his burden to show deficient performance by a preponderance of the evidence under *Strickland*'s first prong. *See id*. at 430-33; *Strickland*, 466 U.S. at 687-88, 694; *Thompson*, 9 S.W.3d at 814.

Furthermore, appellant has failed to show prejudice from his trial counsel's failure to object under *Strickland*'s second prong. During his closing argument to the jury at the punishment phase of trial, the prosecutor argued for a sentence of ten years (II Rep.'s R. at 214-15). Even assuming defense counsel's failure to object to the prosecutor's argument constituted deficient performance, appellant was not prejudiced because the jury assessed his punishment at only four year's confinement in the penitentiary (*Id*. at 226-27). *See Taylor v. State*, 233 S.W.3d 356, 359 (Tex. Crim. App. 2007) (prosecutor's statements regarding parole harmless because jury sentenced

8

appellant to only fifty years after prosecutor argued for life imprisonment). Further,

in its charge on punishment, the trial court instructed the jury as follows:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

(Clerk's R. at 32). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(c) (West 2014). A

charge properly instructing the jury on parole eligibility times and instructing the jury

not to consider how good time and parole law would be applied to a particular

defendant weighs in favor of a finding that a prosecutor's improper argument on parole

was harmless. *Hawkins*, 135 S.W.3d at 84. "[T]he jury charge clearly and accurately

set forth the law, which would have disabused the jury of any notion that appellant

would automatically be released at the time he became eligible for parole." *Id*. at 84-

85. Appellant has not pointed to any evidence in the record rebutting the presumption

that the jury followed the trial court's instructions regarding parole contained in the

charge and did not consider the prosecutor's argument in reaching its verdict on

punishment. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) ("We

generally presume the jury follows the trial court's instructions in the manner

presented."). As appellant has thus failed to show a reasonable probability from the

record that, but for his counsel's failure to object to the prosecutor's argument on parole,

9

the result of the proceeding would have been different, his first alleged issue is without merit and should be overruled.

**II. ISSUE TWO**:  As the record does not contain sufficient evidence to support the award of restitution to DPS in the amount of $180, the judgment should be modified to delete the restitution amount.

While formally pronouncing sentence, the trial court stated that, "[r]estitution will be ordered to DPS on the controlled substance."   (II Rep.'s R. at 231, 232). Accordingly, the judgment reflects the award of restitution to DPS in the amount of $180 (Clerk's R. at 75).  However, the record does not contain any evidence supporting the amount of restitution ordered to DPS.  *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) ("Due process considerations thus implicated require that there must be evidence in the record to show that the amount set by the court has a factual basis.").  Accordingly, the judgment should be modified to delete the restitution amount of $180 and affirmed as modified.  *See Cain v. State*, No. 12-13-00178-CR, 2014 Tex. App. LEXIS 7037, at *2-3 (Tex. App.—Tyler June 30, 2014, no pet.) (mem. op., not designated for publication) (deleting award of restitution to DPS from the judgment where no supporting evidence contained in the record).

10

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's first issue, delete the award of restitution contained in the judgment, and affirm the judgment of the 241st District Court of Smith County, Texas, in the above-captioned cause as modified.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,767 words as calculated by Microsoft Word 2013.

/s/  Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of January 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to Austin R. Jackson, attorney for appellant, at JLawAppeals@gmail.com.

/s/  Aaron Rediker
Aaron Rediker