ACCEPTED
12-14-00126-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/20/2015 11:16:18 PM
CATHY LUSK
CLERK

# NUMBER 12-14-00126-CR

## IN THE TWELFTH DISTRICT COURT OF APPEALS
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/20/2015 11:16:18 PM
CATHY S. LUSK
Clerk

## CHRISTOPHER WILEY,
**Appellant**

**v.**

## THE STATE OF TEXAS,
**Appellee**

From the 241st District Court of Smith County, Texas
Trial Cause Number 241-1239-13

## STATE'S BRIEF

## ORAL ARGUMENT NOT REQUESTED

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone:  (903) 590-1720
Fax:  (903) 590-1719
Email:  arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities.............................................................................................2

Statement of Facts .............................................................................................3

Summary of Argument .......................................................................................4

**I.Issue**:   As the prosecutor's argument on parole was proper, urging the jury to sentence appellant with the knowledge that parole laws exist but without considering how those laws would affect him specifically, defense counsel's failure to object did not constitute deficient performance...........................................................................4

Standard of Review.............................................................................................4

Argument.............................................................................................................6

Certificate of Compliance ................................................................................13

Certificate of Service........................................................................................14

# INDEX OF AUTHORITIES

**Texas Cases**

*Colburn v. State*, 966 S.W.2d 511 (Tex. Crim. App. 1998) ......................................12

*Ex parte Cash*, 178 S.W.3d 816 (Tex. Crim. App. 2005) .........................................10

*Ex parte Lane*, 303 S.W.3d 702 (Tex. Crim. App. 2009)...........................................7

*Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005) ...................................6

*Hawkins v. State*, 135 S.W.3d 72 (Tex. Crim. App. 2004) ...................................6, 12

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)......................................9

*Ingham v. State*, 679 S.W.2d 503 (Tex. Crim. App. 1984)..........................................9

*Kuhn v. State*, 393 S.W.3d 519 (Tex. App.—Austin 2013, pet. ref'd)......................6

*Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002) ............................................8

*Mata v. State*, 226 S.W.3d 425 (Tex. Crim. App. 2007) ................................. 8, 9, 10

*Perez v. State*, 994 S.W.2d 233 (Tex. App.—Waco 1999, no pet.)...........................11

*Porter v. State*, 832 S.W.2d 383 (Tex. App.—Houston [1st Dist.] 1992, no pet.) ......9

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) .................................5, 10

*Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996) .........................................9


**Texas Statutes**

Tex. Code Crim. Proc. Ann. art. 37.07, § 4 ......................................................6, 12


**Federal Cases**

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................. 4, 10, 13

*Warden v. Visciotti*, 537 U.S. 19 (2002) ...................................................................10

**IN THE TWELFTH DISTRICT COURT OF APPEALS
TYLER, TEXAS**

**CHRISTOPHER WILEY,
Appellant**

**v.**

**THE STATE OF TEXAS,
Appellee**

From the 241st District Court of Smith County, Texas
Trial Cause Number 241-1239-13

# STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's sole alleged issue and affirm the judgment of the trial court in the above-captioned cause.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 2-4). In the interest of judicial economy, any other

facts not mentioned therein that may be relevant to the disposition of appellant's issues will be discussed in the State's arguments in response.

## SUMMARY OF ARGUMENT

The prosecutor's argument during the punishment phase of appellant's trial for murder, properly explaining the existence of laws governing parole and the accrual of good conduct time, did not provide defense counsel with grounds for making an objection. Even if the prosecutor's argument was improper, where, as here, defense counsel's reasons for not objecting do not appear in the record, appellant has failed to overcome the presumption that his counsel's actions were reasonable trial strategy. Further, appellant has failed to show prejudice considering the proper instruction on parole law given to the jury and the brutal nature of the victim's murder.

**I. ISSUE**: As the prosecutor's argument on parole was proper, urging the jury to sentence appellant with the knowledge that parole laws exist but without considering how those laws would affect him specifically, defense counsel's failure to object did not constitute deficient performance.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he must show: (1) deficient performance, in that his counsel's representation fell below an objective standard of reasonableness under prevailing

professional norms, and (2) prejudice, or a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 687-88, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. Where, as here, defense counsel's reasons for an alleged error of omission do not appear of record, the Court of Criminal Appeals has explained:

> A *Strickland* claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This is true with regard to the question of deficient performance - in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight - where counsel's reasons for failing to do something do not appear in the record. We have said that trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation marks omitted).

## ARGUMENT

In a single issue, appellant alleges that his counsel was ineffective for failing to object to the prosecutor's argument improperly urging the jury to consider how parole law would be applied specifically to the appellant (Appellant's Br. 6-8). To prevail on his claim that trial counsel was ineffective for failing to object to improper jury argument, appellant must show that, (1) the argument was in fact improper, (2) the failure to object to the improper argument constituted deficient performance, and (3) he was prejudiced by that failure. *Kuhn v. State*, 393 S.W.3d 519, 538-539 (Tex. App.—Austin 2013, pet. ref'd). Article 37.07, section 4, of the Code of Criminal Procedure, "specifically provides that the jury may consider the existence of parole law and good time in making its punishment determination; the jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant." *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West 2014).

In his brief, appellant argues that his trial counsel should have objected to the following argument by the prosecutor during the punishment phase of trial:

Why do we keep using that word "eligibility"? It's because we can't say when he will actually make parole. And that makes sense, because once he gets to prison it's up to him. The parole authorities will grant him parole based on his conduct in prison. So he's the one that gets to decide when he paroles. The issue of parole has to do with how long, like Mr. Machicek said, you think he should be supervised.

If he commits a violation of his parole, he goes back to prison. And that's for the rest of his life, ladies and gentlemen. So if he gets life, he's eligible at 30. And he needs to be supervised for the rest of his life so he doesn't get out here and commit a third DWI and kill a family or get drunk and kill his next partner.

(V Rep.'s R. at 50). In *Ex parte Lane*, 303 S.W.3d 702, 718 n.11 (Tex. Crim. App. 2009), the prosecutor argued that a life sentence does not necessarily mean life in prison and that the defendant's good conduct in prison could affect parole authorities' decision to grant parole:

I said we're going to ask you to do something hard. We're going to ask you to sentence them to life. Now, understand, as the judge's instructions just explained to you, life doesn't necessarily mean life. Both of these defendants will have the opportunity, while they are incarcerated, to earn good conduct time and the right to parole. You have no say in that. That, quite frankly, will be up to them. Whether or not they make the decision, at that point in their life, to earn it, to prove they deserve it; because they certainly haven't proven they deserve it yet. They'll have that opportunity. It will not be denied them.

The Court of Criminal Appeals held that this argument was not improper and therefore, defense counsel was not ineffective for failing to object: "the prosecutors merely stated the law and how it could affect applicant." *Id*. at 719. "A defendant convicted of murder is neither more nor less eligible to receive good conduct time credit during his or her sentence . . . [t]hus, it was not a misstatement of law for the State to tell the jury

7

that the appellant could 'get good time credit,' even if the State omitted the statutory condition under which his good time credit could be considered by a parole board." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). *See also Luquis v. State*, 72 S.W.3d 355, 360 n.4 (Tex. Crim. App. 2002) ("The accumulation of 'good conduct time' may also have a practical, non-binding effect upon the time an inmate serves in prison: once eligible for parole, an inmate who has accumulated significant 'good conduct time' may be more likely to be released on parole than other similarly situated inmates."). Regarding the type of parole law instruction given in the trial court's charge on punishment (Clerk's R. at 125), the Court of Criminal Appeals explained in *Luquis*:

> The practical import of the trial court's instruction to the jury is that [i]f an inmate behaves well, he will likely get out of prison sooner than if he misbehaves. However, no one can predict when he will actually get out, except that it will not be until he has served at least one-half his sentence or thirty years. This is the message that the Legislature intended to convey in section 4(a), and this is, under any fair reading of the instruction, the message that it did convey. That is a legally accurate message.

*Luquis*, 72 S.W.3d at 364-365 (internal quotation marks omitted). As the prosecutor's argument regarding parole was not improper, appellant's counsel was not ineffective for failing to object, and his sole alleged issue should be overruled. *See Mata*, 226 S.W.3d at 433.

8

Even if the Court were to find that the challenged argument was improper, the record is silent as to why appellant's trial counsel did not object. "The failure to object to improper jury argument does not ordinarily reflect ineffective assistance." *Porter v. State*, 832 S.W.2d 383 (Tex. App.—Houston [1st Dist.] 1992, no pet.). *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) ("An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel."); *Hernandez v. State*, 726 S.W.2d 53, 58 (Tex. Crim. App. 1986) ("The right to effective counsel is not the right to error-free counsel."). As mentioned above, reasonable minds could differ on whether the prosecutor's argument on parole was proper, and whether, "[i]n the context of the entire jury argument it can be reasonably inferred that the State was directing the jury to comply with the statute, by asking them to do precisely as the statute admonishes them to do: sentence the appellant with the knowledge that parole laws exist in Texas but without considering how those laws will affect him specifically." *Mata*, 226 S.W.3d at 432. *See Vaughn v. State*, 931 S.W.2d 564, 568 (Tex. Crim. App. 1996) ("An ineffective assistance of counsel claim cannot be based on an alleged error of counsel when the caselaw evaluating counsel's actions and decisions in that instance was nonexistent or not definitive . . . [a]s a result, '. . . a ruling on appellant's hypothetical objection [would be] extremely uncertain.'").

Moreover, when the record is silent as to the reasons why trial counsel did not raise an objection to an isolated, improper argument on parole law, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way – be iconceivable or not – reasonable." *Id*. at 431. Where, as here, the record is silent as to defense counsel's reasons for the omission, the failure to object to improper argument on the issue of parole does not constitute conduct so outrageous that no competent attorney would have engaged in it. *Id*. at 433. As appellant has failed to rebut the presumption that his counsel's omission was the result of sound trial strategy, he has not met his burden to show deficient performance by a preponderance of the evidence under *Strickland*'s first prong. *See id*. at 430-33; *Strickland*, 466 U.S. at 687-88, 694; *Thompson*, 9 S.W.3d at 814.

Finally, appellant has failed to show prejudice from his trial counsel's failure to object under *Strickland*'s second prong. "[W]hen it is alleged that counsel performed deficiently at the punishment phase of trial, defendant must prove that there is a reasonable probability that, but for counsel's errors, the sentencing jury would have reached a more favorable penalty-phase verdict." *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005) (citing *Warden v. Visciotti*, 537 U.S. 19, 22-23 (2002)). In considering the likelihood that appellant would have received a lesser sentence if an objection to the prosecutor's argument had been sustained, the facts and circumstances

10

of the murder support the severity of appellant's sentence. *See Perez v. State*, 994 S.W.2d 233, 238 (Tex. App.—Waco 1999, no pet.) (applying *Mosley* factors to improper jury argument on parole at punishment phase). Here, appellant shot the victim twice, with the first shot fired while the victim was lying on his bed (IV Rep.'s R. at 65, 72-73). Although appellant believed he had shot the victim in the chest (III Rep.'s R. at 72), the bullet had instead shattered the victim's arm, causing him to move from the bed onto the floor (*Id*. at 180; IV Rep.'s R. at 72-73). Appellant cocked the pistol again and fired low, from two to three feet from the victim, the bullet passing into his left temple and killing him almost instantly (III Rep.'s R. at 201, 212-13; IV Rep.'s R. at 72-73). Appellant then turned around and walked out of the room, picked up his dog, and drove to his parent's house (IV Rep.'s R. at ), where he appeared clean and "neat as a pin", according to his mother (III Rep.'s R. at 77). Further, the evidence showed that appellant's relationship with the victim was mutually violent and physically abusive. *See, e.g.*, IV Rep.'s R. at 268, 274-75, 297, 302; V Rep.'s R. at 54, 59, 62, 68, 73, 75. Considering all of the evidence introduced at trial, it is unlikely that the jury would have sentenced appellant to a less severe sentence had defense counsel objected to the complained of argument. *See Perez*, 994 S.W.2d at 238 (lesser sentence unlikely despite improper argument on parole where defendant shot victim multiple times, making sure he was dead, and defendant had been violently abusive to

his wife and daughter). Further, appellant acknowledges that the trial court's charge on punishment contained the proper instruction on parole (Appellant's Br. 5; Clerk's R. at 125-26). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West 2014). A charge properly instructing the jury on parole eligibility times and instructing the jury not to consider how good time and parole law would be applied to a particular defendant weighs in favor of a finding that a prosecutor's improper argument on parole was harmless. *Hawkins*, 135 S.W.3d at 84. "[T]he jury charge clearly and accurately set forth the law, which would have disabused the jury of any notion that appellant would automatically be released at the time he became eligible for parole." *Id.* at 84-85. Appellant has not pointed to any evidence in the record rebutting the presumption that the jury followed the trial court's instructions regarding parole contained in the charge and did not consider the prosecutor's argument in reaching its verdict on punishment. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) ("We generally presume the jury follows the trial court's instructions in the manner presented."). Appellant has thus failed to show a reasonable probability from the record that, but for his counsel's failure to object to the prosecutor's argument on parole, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's sole alleged issue and affirm the judgment of the 241st District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas


/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 2,478 words as calculated by Microsoft Word 2013.


/s/  Aaron Rediker
Aaron Rediker

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of February 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to Austin R. Jackson, attorney for appellant, at JLawAppeals@gmail.com.

/s/  Aaron Rediker
Aaron Rediker